# Gandy v. Fortner.

### Bill in Equity to Remove Cloud on Title.

1. *Estates in remainder.*—A conveyance from parents to child, declaring, "This instrument shall be considered as a deed of gift from us to our beloved daughter, but we reserve a lifetime estate in the lands herein granted to ourselves and each of us," creates a vested remainder in fee in the grantee, to take effect in possession on the death of the surviving parent.

2. *Conveyance of remainder in trust.*—A deed from a remainder-

[Gandy v. Fortner.]

man, by which, in consideration of past care and support and that the grantee will care and provide for the grantor during her natural life, the remainder is conveyed to the grantee, as trustee, "to manage and control, and collect and use the rents, income and profits as he may deem best for the use and benefit of the grantor," fastens a trust in favor of the remainderman upon the rents, income and profits accruing after the termination of the intervening life estate, which trust, faithfully executed, would be extinguished on the death of the remainderman, leaving the absolute title in the grantee.

3. *Purchaser of lands adversely held; removal of cloud on title; maintenance.*—A purchaser of lands for a valuable consideration may come into equity to cancel as a cloud on his title a prior deed obtained by fraud and imposition on complainant's grantors, although respondent holds possession under such deed, and complainant's right of possession is postponed by an intervening life estate.

APPEAL from Conecuh Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The appeal is prosecuted from a decree sustaining a demurrer to the bill. Complainant's title, and the deed of respondent, assailed as a cloud on complainant's title, are sufficiently set forth in the opinion of the court. The averments of fraud, as shown by sections 4 and 5 of the bill, are as follows: "The said Francis E. Fortner, (the grantor in both deeds), who is now about 40 years old, has been of feeble intellect and of poor bodily health since she was about 14 years old, being often confined to her bed with fits; that she cannot write or read but very little in print. That after her father's death she lived with her mother, Mrs. Gatsey Fortner, on the lands in question, the two living together with no one but themselves until on or about the 23d day of December, 1889; that on that day, while the said Frances E. Fortner, was confined to her bed with a severe spell of sickness, the said N. M. Fortner came to her and induced her, the said Frances, to sign a deed of trust to the lands described in section 2 of the bill of complaint, a copy of which trust deed is hereto attached, marked exhibit C. That the lands described in said deed of trust was all the property the said Frances E. Fortner owned, and that she did not know at the time she signed said deed of trust, anything about its contents, that she was wholly ignorant of the fact that it conveyed any interest in her lands; that she did not owe the said N. M. Fortner anything at the time

she signed said deed of trust, and never had any conversation with him about it prior to that time; that the rents and income from said land was her only means of support, and without it she was then, and is now wholly unable to feed and clothe herself.   *   *   *   Said N. M. Fortner got possession of said lands under said deed of trust with the sole purpose and intent of defrauding the said Frances E. Fortner out of her property, as he has shown by his conduct since that time; that ever since he got possession of said lands under said deed of trust he has been occupying and using them for his own private purposes, cutting and removing the timber therefrom and converting the same to his own use and benefit, and is now, so oratrix is informed, denuding said lands of the valuable timber growing thereon. That about two years ago he managed in a sly way to get the said Frances E. Fortner to move to the home of your oratrix, in the State of Florida, for the purpose of having oratrix take care of and support her, the said Frances E. Fortner, while he was occupying and using her lands and trying to establish title in himself to the same; that he is now claiming said lands as his own and refuses to surrender possession of the same to oratrix under her deed, exhibit A, from said Frances E. Fortner." The bill further avers that respondent refused to let said Frances return to her home on said lands or to contribute anything to her support; that said Frances is and has been for the past two years wholly dependent upon oratrix for a support; that in order to pay oratrix for such support and in order that she might have a home in the future she, the said Frances, made and executed to oratrix the deed, exhibit A.

JAMES F. JONES, for appellant.—The attitude of complainant and defendant in this cause is analogous to that of senior and junior mortgagees. The junior grantee in a deed succeeeds to all the rights and remedies of the grantor against the senior grantee, in equity.—47 Ala. 418; *Shipman v. Furness,* 69 Ala. 555; *Thomas v. Jones,* (4 So. 270), 84 Ala. 302; *Elsberry v. Boykin,* 65 Ala. 336.

FARNHAM & CRUM, *contra.*—Complainant's deeed conveyed to her no present interest, nothing but a right of action. Such a right is not the subject of barter and

[Gandy v. Fortner.]

sale. It could give complainant no standing in a court of equity.—2 Story Eq. Jur. 1040; 3 Pom. Eq. Jur. 1276; *Crocker v. Bellangee,* 6 Wis. 645; *Braco v. Reid,* 3 Green (Iowa), 722; *Dickinson v. Seaver,* 44 Mich. 631; *Prosser v. Edmonds,* 1 Young and Col. (Eng.) 481. The transaction savors of maintenance.—2 Story Eq. Jur. 1050. The rule is not aimed at the acquisition of title, but the act of the parties as tending to encourage litigation. *Humes v. Bernstein,* 72 Ala. 346; *Shipman v. Furniss,* 69 Ala. 555; *Vandiver v. Stickney,* 75 Ala. 225; 3 Brick. Dig. p. 574, §47; *McGuire v. Van Pelt,* 55 Ala. 344; *Baskins v. Calhoun,* 45 Ala. 582; *Downs v. Hopkins,* 65 Ala. 511.

HARALSON, J.—The bill was filed by Melissa A. Gandy, the appellant, against N. M. Fortner, the appellee, to set aside as a cloud on her title to the land mentioned in the bill, a deed which was made in 1889, by Frances E. Fortner and her mother, Gatsey Fortner, to the defendant, N. M. Fortner, on the alleged ground of fraud and imposition by said N. M. Fortner on said Frances E., who was his sister, in procuring the same to be executed.

In 1873, James Fortner and said Gatsey Fortner, mother and father of Frances E., and of the complainant and defendant, for consideration of love and affection, conveyed to their said daughter, Frances E., the land mentioned in the bill as having been conveyed in said deed to defendant. In the said deed of James and Gatsey to Frances E. is this reservation: "This instrument shall be considered as a deed of gift from us to our beloved daughter, but we reserve a lifetime estate in the lands herein granted, to ourselves and each of us."

On the 23d December, 1889, said Gatsey and Frances E., as the deed recites, "for and in consideration of his taking care of us in the past, and in further consideration of his taking care of us in the future and providing for us during our natural lives, we hereby give, grant and convey unto N. M. Fortner, as our trustee, the following described lands,"—the ones mentioned in the bill—"and all personal property now or hereafter owned by us, to manage and control, and collect and use the rents, income and profits as he may deem best for our use and benefit. We hereby empower said trustee to do all acts

[Gandy v. Fortner.]

necessary for the preservation of said property, and to sell and convey the same, or any part thereof, with our concurrence, and to reinvest the proceeds thereof in any property in trust for our use and benefit."

It appears that said N. M. Fortner took possession of said lands under said deed, and now holds the same.

On the 29th February, 1896, the said Frances E., by herself and not in connection with her mother, the said Gatsey, executed a warranty deed to the lands in controversy to her sister, Melissa A. Gandy, the complainant. The consideration expressed in said deed is one dollar, and the love and affection the grantor bore for her said sister Melissa, and for the support and protection given her by her said sister.

It is shown that said James Fortner is dead, but it is not shown that his wife, Gatsey, is dead, and from aught appearing she is now alive. Neither she nor said Frances E., who is still alive, are parties to the bill.

This bill was filed by said Melissa A. Gandy, as appears, in November or December, 1898, to set aside said deed. The grounds on which it is sought to set it aside are imposition and fraud on the part of the defendant in procuring its execution as averred in the 4th and 5th sections of the bill, which will be substantially set out in the report of the case.

The prayer is, that the defendant, N. M. Fortner, be required to surrender to the court said deed of trust, and that it and the trust created thereby be cancelled by the decree of the court as a cloud on the title of the complainant to said lands.

It will be seen from the foregoing statement, that the said Frances E. Fortner, under the deed from her father, executed in 1873, took a vested estate in the lands in controversy, with a reservation of a life estate therein to the grantors, her father and mother, and to each of them. The estate of said Frances E. in said lands is postponed by the deed of gift to her, until after the death of each of her said parents. The father having died, the mother is the sole and absolute life tenant. The said Frances E., acquired no interest under said deed to said lands which she could convey, except the remainder therein, which was an absolute fee, on the death of both of the life tenants.

As the said Gatsey is not a party to this suit, we may

dismiss any further consideration of the deed to defendant by her, and pass to the consideration of said deed as respects the rights of the defendant, and the complainant, as the assignee of said Frances, thereunder.

It will be noticed, that said deed from said Frances, gives, grants and conveys to the defendant, as her trustee, the lands in question, in consideration of his having taken care of her in the past, and his agreement to take care of her in the future, during her natural life. Here is a past obligation, and an agreement to be performed in the future, which is recited as a consideration for the deed, for passing to defendant the title to the land. The defendant is spoken of as her trustee, but the deed, in its after part, indicates in what respect he is a trustee. The sentence conveying the land is followed immediately by another, reading,—to repeat what is copied above,—"and all personal property now or hereafter owned by us, to manage and control and collect and use the rents, income and profits as he may deem best for our use and benefit. We hereby empower said trustee to do all acts necessary for the preservation of said property, and to sell and convey the same, or any part thereof, with our concurrence and to reinvest the proceeds thereof in trust for our use and benefit." It seems from these recitals, that the grantor sold her remainder in the land to defendant, but engrafted a trust thereon in respect to the rents, income and profits therefrom,—that they should be collected when her right to them under the deed accrued, and used by him for the benefit of the grantor during her life. The trust created in the deed, related to the rents, profits and income of the lands, when, and as soon as said Frances became entitled to them. If defendant should well and faithfully collect and apply the rents and incomes as provided, at the death of said Frances, the trust would be fully executed and extinguished, leaving defendant in absolute ownership of the land, for all purposes, so far as the title of said Frances is concerned.

What we have said proceeds upon the assumption that the deed of said Frances to defendant is a valid conveyance, and is not set aside for some reason for which the law would avoid it.

The said Frances, as we have seen, on the 29th Feb-

ruary, 1896, for value, sold and conveyed the land in suit to her sister, the complainant in this cause, who files her bill to set aside the deed of said Frances to defendant, of date 23d of December, 1889, as a cloud on her title to said land, on account of alleged fraud and imposition practiced by him on said Frances, to procure the execution of the same.

It is insisted that the complainant's deed violates the policy of the law against maintenance, operating merely to promote litigation. It is said by Mr. Pomeroy, that an assignment merely, of a right of action to procure a transaction to be set aside on the ground of fraud, will not be permitted.—3 Pom. Eq. Juris. §1276. Discussing the law of maintenance, Judge STORY says: "But consistently with these principles, a party may purchase by assignment the whole interest of another in a contract or security or other property which is in litigation, provided there be nothing in the contract which savors of maintenance. * * * So if there be a trust estate in lands either actual or constructive, which however is controverted by the trustee, the *cestui que trust* (or beneficiary) may nevertheless assign it; and the assignee may in equity enforce his rights to the same, if the assignment does not in the sense above stated savor of maintenance." 2 Story Eq. Juris. §1050; *Gillman v. Jones,* 87 Ala. 697-8.

If said Frances E. Fortner had died after she executed her deed to defendant, without having conveyed the land in suit, and defendant were claiming the same as his property under his deed from her, it seems to be settled that complainant and the other heirs of said Frances, if she had other heirs, could resort to chancery, to have said deed cancelled for the fraud of defendant in procuring its execution.—*Shipman v. Furniss,* 69 Ala. 555. In the case cited, Mrs. Furniss, as a contingent remainderman, derived her title by inheritance, and the court sustained her right to come into equity to have the deed of Joel E. Matthews, Jr., to Mrs. Shipman cancelled for fraud, as a cloud on her title to lands, which was perfect by inheritance, if not cut off by said fraudulent deed. The complainant in this case, files her bill on the same grounds, claiming, not by inheritance, but under her assignment by deed from her sister, who, as alleged, was induced to execute the deed to defendant

by his fraud and imposition. She has the right, under the facts alleged, to maintain the bill. The demurrer suggests no ground against the equity of the bill, and it should have been overruled.

Reversed and remanded.

