Filed Oct. 11, 1888.

---

No. 13,255.

## WILLIAMS ET AL. *v.* OWEN ET AL.

DEED.—*Grant of Income of Land.*—*Effect of.*—The general rule is, that the grant of the income of land carries an estate in the land itself.

SAME.—*Life-Estate.*—*Deed Construed.*—A grantor conveyed and warranted to A., B. and C., " and Z. to have his support off of said farm during his lifetime," certain land. After the description was the following: " It is understood that rents and profits of this farm go to maintain my son, Z. At his death my grandchildren are to have the same in fee simple, after my death, as above stated."

*Held,* that Z. took a life-estate in the land.

From the Posey Circuit Court.

*W. P. Edson* and *F. D. Wimmer,* for appellants.

*E. M. Spencer* and *G. V. Menzies,* for appellees.

ELLIOTT, J.—The question in this case is whether Zeph-ania Williams had such an estate in the land granted to him by William Williams as authorized the sheriff to seize and sell it upon execution. The deed, omitting the formal parts, reads thus :

"This Indenture Witnesseth, that William Williams and Irene Williams, his wife, of Posey county, State of Indiana, convey and warrant to William Ennis Williams, James Ur- bane Williams, and George I. Williams, Jr., and Zephania Williams to have his support off of said farm during his lifetime, of Vanderburgh county, in the State of Indiana, for the sum of one dollar, the following real estate, in Posey county, in the State of Indiana, to wit : The east half of the southwest quarter of section thirty-one (31), township four (4) south, range fourteen (14) west. It is understood that rents and profits of this farm go to maintain my son, Z. Wil- liams. At his death my grandchildren are to have the same in fee simple, after my death, as above stated."

It is a familiar rule that all the parts of a deed must be construed together, and, if it can be avoided, no part shall be deemed ineffective.

The clause in the deed before us which reads thus : "At his death my grandchildren are to have the same in fee simple, after my death, as above stated," is sufficient to vest in Zeph-ania Williams a life-estate, and it is not inconsistent with the other provisions of the deed. It is, in truth, consistent with them, for the general rule is, that the grant of the income of land carries an estate in the land itself. *Reed* v. *Reed,* 9 Mass. 372; *Fox* v. *Phelps,* 17 Wend. 393 ; 2 Redfield Wills (2d ed.), 334 ; 3 Washburn Real Property (5th ed.), pp. 405, 565.

There is, therefore, a grant of an estate in the land itself, for, taking all the provisions of the deed together, it is clear, as KENYON, C. J., said in *Rex* v. *Inhabitants, etc.,* 4 T. R. 177, 181, that they show "that the whole estate was intended to be reserved to him."

The case of *Stout* v. *Dunning*, 72 Ind. 343, carries the rule much farther than we are required to do here, and we can not reverse this judgment without overruling that case, which we are not inclined to do.

Judgment affirmed.

