# Barksdale *et al.* v. Davis *et al.*

*Bill in Equity to set aside Probate of a Will.*

1. *Contest of will in equity; demurrer to bill in equity as a whole.*
Upon a bill contesting the probate of a will, a demurrer going to the

[Barksdale *et al.* v. Davis *et al.*]

sufficiency of the bill as a whole should be overruled if any valid ground of contest is alleged; and where one of the grounds of contest as averred in such bill is, that the testator "was not, at the time of the execution of said alleged will, of sound mind," states a valid ground of contest, and a demurrer challenging the sufficiency of the ground of contest as alleged is properly overruled.

2. *Same; proof of execution; sufficiency of allegation.*—Upon a contest of a will in equity, the first step to be taken is proof of its due execution by the contestee; and the allegation that "said will was not duly executed" is sufficient as stating a valid ground of contest, and calls for proof of the valid execution of the will.

3. *Same; sufficiency of averments of fraud and undue influence.*—A bill filed for the purpose of contesting the validity of a will upon the grounds of fraud and undue influence, must set forth clearly the facts constituting such fraud and undue influence; the mere general statement or conclusion of the pleader not being sufficient.

4. *Same; sufficiency of allegation as to execution of subsequent will.* In a bill filed for the purpose of contesting the validity of a will, the allegation that the alleged testator "made and executed in the presence of witnesses, as required by law, another will, covering the same property and thereby revoking the said alleged will," sufficiently charges the execution of such will; and under such allegations the person setting up the execution of such will would be required to prove that it was executed as required by statute.

5. *Same; revocation by destruction; sufficiency of allegation.*—In a bill filed for the purpose of contesting the validity of a will, the allegation that the will "was itself destroyed by the testator with the intention of revoking it", is a sufficient averment of revocation, within the meaning of the statute (Code of 1886, § 1968), which provides that a written will can only be revoked by burning, tearing, cancelling or obliterating by the testator himself with the intention to destroy it.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. JOHN G. WINTER.

The bill in this cause was filed under section 2000 of the Code of 1886, by Emma Davis and others, heirs of B. L. Barksdale, deceased, against the executor, E. P. Morrissett and Amanda Barksdale, Martha Barksdale and Mose Barksdale, legatees under the will, to have declared the probated will of B. L. Barksdale invalid, and to set aside the probate thereof. The original bill was filed March 28th, 1896.

The bill, after setting out the names, ages and residences of all the heirs-at-law, alleges that Benjamin L. Barksdale died in the county of Montgomery, Ala., about the 21st day of November, 1895, leaving a large estate

in lands and personal property. That said Barksdale
was never married, and left surviving him no brothers
or sisters; the contestants being nephews and nieces, or
their descendants. The bill further avers that a paper
purporting to be the last will of said B. L. Barksdale
had been duly probated in the probate court of Mont-
gomery county, by E. P. Morrissett, the executor named
therein; that letters testamentary issued to the said
Morrissett, who had taken possession of all the property
of the estate, and is proceeding to administer the same
under said will; that neither of the complainants had
contested the validity of said will in the probate court,
nor had it been contested by any other person. The
complainants, as grounds of contest, alleged: "(A.)
That said will was not duly executed. (B.) That said Ben-
jamin L. Barksdale was not, at the time of the execu-
tion of said alleged will, of sound mind. (C.) That
the execution of said will was obtained by undue influ-
ence on the part of Amanda Barksdale, one of the de-
visees in said alleged will. (D.) That the execution of
said will was procured by fraud on the part of said
Amanda Barksdale. (E.) That the execution of said
will was procured by undue influence by said Martha
Barksdale, one of the devisees of said alleged will. (F.)
That the execution of said will was procured by fraud
by the said Martha Barksdale." On each of these
grounds the complainants alleged that said will was not
the last will and testament of B. L. Barksdale, deceased,
and they prayed that on final hearing the alleged will be
declared invalid; and that the former probate thereof
be set aside and annulled.

Subsequently the complainants amended their original
bill by making the following averments: "Orators aver
that after the making of said alleged will, said B. L.
Barksdale made and executed, in the presence of wit-
nesses as required by law, another will covering the
same property, thereby revoking said alleged will. That
subsequently said last named will was itself destroyed by
said Barksdale, with the intention of revoking it; and your
orators, therefore, aver that said alleged will, admitted
to probate as aforesaid, was revoked by said B. L. Barks-
dale and they urge this as an additional ground of con-
test of the same." The same relief is prayed against same
defendants as in the original bill.

40

[Barksdale *et al.* v. Davis *et al.*]

To this bill as amended, the defendants demurred upon the following grounds : (1.) That it does not set forth in what respect the said will was not duly executed. (2.) That while the bill alleges that the execution of the will was obtained by undue influence of Amanda Barksdale, it fails to set out any facts showing the exercise of any such influence by Amanda Barksdale over the testator. (3.) That while averring that the will was procured by fraud on the part of Amanda Barksdale, the bill does not aver any facts showing fraud. (4.) That all the averments of fraud and undue influence are the mere expressions or conclusions of the pleader. (5.) Said bill, as amended, avers that after the making of said alleged will, said B. L. Barksdale made and executed another will, but fails to aver that said other will was in writing subscribed by the testator, and attested as prescribed by section 1966 of the Code of Alabama. (6.) That said bill as amended fails to set out the contents of said alleged other will, or any clause or provision thereof showing the intention of said testator to revoke the original will heretofore admitted to probate, and named in said bill. (7.) That said bill as amended fails to aver that said alleged revoked will was revoked by burning, tearing, cancelling or obliterating, with the intention of revoking it, by the testator himself, or by some person in his presence and by his direction.

Upon the submission of the cause upon the demurrers, the chancellor decreed that the demurrers were not well taken, and ordered them overruled. From this decree the respondents appeal, and assign the rendition thereof as error.

E. P. MORRISSETT, for appellants.—1. The pleadings should state, at least in general terms, the substance of what is relied on to show undue influence. Such as the averment of the existence of confidential relations, the exclusion of witnesses, &c.—*Duckworth vs. Duckworth*, 35 Ala. 70 ; *Seals v. Robinson & Co.*, 75 Ala. 368.

2. Fraud is a conclusion of law from facts, stated and proved. "When it is pleaded at law or in equity, the facts out of which it is supposed to arise must be stated." 3 Brick. Dig., 510, § 31, and cases there cited ; *Flewellen*

[Barksdale et al. v. Davis et al.]

v. Crane, 58 Ala. 629 ; Moorer v. Moorer, 87 Ala. 547 ;
Montgomery v. Foster, 91 Ala. 613.

J. M. CHILTON and J. WINTER THORINGTON, contra.—
The court did not err in overruling the demurrers to
the bill. The rule, which requires that in bills charg-
ing fraud, and the like, the facts constituting the fraud,
&c., should be set out, has no application to a proceed-
ing in equity to contest a will. Under the former stat-
ute, (Clay's Dig. 598), all that was necessary in a con-
test of this character, was that the complainant should
"allege the title by which he has the right to investigate
the probate, and to pray relief."—Johnson v. Glasscock, 2
Ala. 218 ; Johnson v. Hainsworth, 6 Ala. 443. Our stat-
ute, Code of 1886, § 1989, makes some changes in the
former statute ; but, as was said in Lyons v. Campbell, 88
Ala. 462, the contest in equity may still be "in the same
general terms as when the contest is inaugurated in the
probate court."

HEAD, J.—The bill sets up several distinct grounds
upon which it is proposed to contest the probate of the
will of B. L. Barksdale. The sufficiency of the second
ground (marked B) is not challenged by the demurrer,
and, indeed, could not be. The demurrer goes to the
whole bill, and if sustained, would have the effect of
putting out of court (unless amended) a bill which con-
fessedly shows a good and sufficient cause for setting
aside the probate. The court could not do otherwise
than overrule it. If it was desired to test the sufficiency
of the other grounds set up, the demurrer should have
been directed to them, severally. It results that the de-
cretal order overruling the demurrer must be affirmed.

It was evidently the design and expectation of the
parties to obtain, on this appeal, the opinion of this
court upon the sufficiency, on demurrer, of the several
grounds of contest as they are set up in the bill. Indeed,
no reference is made in the brief for appellee to the point
that the demurrer, going to the whole bill, does not
properly present the questions intended for decision, but
those questions are argued upon their merits, as if prop-
erly presented. We will, therefore, state our opinion
upon them.

1. Ground A, "that said will was not duly executed,"

is sufficient. Upon the probate of a will in the probate court, whether contested or not, and on a contest in chancery, like that now before us, the prime step to be taken on the hearing, is for the proponent, in the one case, and the contestee, in the other, to prove the due execution of the will, in manner and form as required by the statute. The allegation in question is sufficiently specific to keep that requirement in force in the present proceeding.

2. Grounds C, D, E and F charge, in general terms, first, that the will was procured by undue influence by Amanda Barksdale, one of the devisees under the alleged will, and next, by fraud on the part of said Amanda. Neither the particular undue influence and fraud, nor how the same were exerted, are stated.

It is conceded that, according to the general rules of equity pleading, in other cases, these averments are not sufficiently specific; but it is contended that, on the contest of a will the entire laboring oar is upon him who asserts the validity of the will, and the contestant need do no more than to allege generally its invalidity. Our old cases of *Johnson v. Glasscock*, 2 Ala. 218, and *Johnson v. Hainsworth*, 6 Ala. 443, are relied upon to support the contention. These cases hold that, under the statutes then existing, the complainant need only allege the facts showing such relationship, on his part, to the deceased as entitles him to contest the supposed will, with a prayer for relief. At that time, there was no statute prescribing the allegations, written or otherwise, necessary to be made in order to inaugurate and try the validity of a will. The methods of procedure were under the control of the court. Pursuing the principle that the burden was upon him who sets up the validity of the instrument as the will of the alleged testator, it was held, as above stated, the contestant was required to allege nothing more than his interest entitling him to contest.

Article III, Title 4, Part 2 of the present Code is devoted to the subject of contesting the validity of wills. The first section of this article (§ 1989) provides that, "A will, before the probate thereof, may be contested by any person interested therein, or by any person who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where

it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto ; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must on application of either party, be tried by a jury." Then follow provisions for the trial and the rendition of judgment in the probate court, following which, in the same article, is section 2000, under which this bill is. filed, providing that, "Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within five years after the admission of such will to probate in this State, contest the validity of the same by bill in chancery, in the district in which such bill was probated, or in the district in which a material defendant resides."

It is manifest that these provisions were introduced to change the policy of the law obtaining prior to their adoption, by requiring the contestant, by written procedure, to set forth the grounds upon which he expects to contest the validity of the proposed will, and to confine the trial, after proof of the due execution of the will, to the issues which his allegations tender. The purpose of the change was that which underlies the law of pleading generally, that the parties may be certainly advised of the issues to be tried, and the court enabled to proceed intelligently in adjudicating their rights. In subservience of this general rule, it is a familiar principle of equity pleading that the complainant must distinctly allege the facts upon which he relies for relief. Mere general statements or conclusions will not suffice. Thus, if fraud be relied upon, the general charge that a fraud was committed is, of course, not sufficient, but the particular facts constituting the fraud must be stated ; otherwise the opposite party would be practically without information of what he was called upon to defend.

Upon a contest of a will, when fraud or undue influence is relied upon, the burden is upon the contestant to prove it. The opposite party is only required to prove the due execution of the will, according to the statute. It is as essential, therefore, that such party be

[McDonald *et al.* v. Pearson.]

informed, by distinct averments, of the facts constituting the fraud or undue influence so as to be prepared to meet them, as that such information be so given to any party, in any judicial proceeding; hence, there can be no well founded reason for holding that the legislature intended, when it required that the contest be in writing and set forth the grounds relied on, that only a general statement of such grounds, conveying to the opposite party, practically, no information of value to him in the preparation of his cause, should be sufficient. If such was the legislative intent, the change in the law scarcely served a useful purpose.

We are of opinion that the bill should set forth the facts constituting the fraud or undue influence charged.

In respect of the revocation of the will, in question, as alleged in the amendment to the bill, we think the allegation that the alleged testator "made and executed, in the presence of witnesses, as required by law, another will covering the same property, thereby revoking said alleged will," sufficiently charges the execution of such other will. The statute expressly defines what constitutes the execution of a will, and a party setting up the execution of a will would be required to prove, under the allegation above quoted, that the requirements of the statute were complied with.

We think the allegation of the said amendment that the said second will "was itself destroyed by said Barksdale with the intention of revoking it," is the legal equivalent of an allegation that testator burned, tore, cancelled, or obliterated the will with such intent, as specified in section 1968 of the Code.

Affirmed.