# Alexander *v.* Gibson, *et al.*

*Bill to Contest Validity of Probated Will.*

(Decided February 8, 1912. 57 South. 760.)

*Wills; Contest; Undue Influence; Allegations.*—The bill considered and held to sufficiently allege undue influence in procuring the execution of the will, it not being essential that the bill allege the acts of undue influence in detail.

APPEAL from Lawrence Chancery Court.

Heard before Hon. W. H. SIMPSON.

Will contest by W. R. Alexander against F. D. Gibson and others. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

The sixth and seventh paragraphs of the bill as originally filed are as follows:

"(6) Complainant avers that at the time of the making of the said will the said Mary B. Alexander was under the domination and control of the respondents herein, N. D. Deleshaw, Sallie Deleshaw, and the beneficiaries named in said alleged will, or some one or more of them, and said alleged will is the result of undue influence exercised by said above-named parties, or some one or more of them, over the mind of said Mary B. Alexander, and was not the product and result of the exercise of her own free volition.

"(7) Complainant avers that said will was procured by fraud practiced upon the said Mary B. Alexander by the respondents in this bill, together with N. D. Deleshaw and his wife, Sallie Deleshaw, and the beneficiaries named in said will, or some one or more of them, and said will is the result and product of said fraud practiced upon the said Mary B. Alexander by the above-named persons, or some one or more of them, and it was not her own free, voluntary act."

By amendment the following was added to paragraph 6:

"The said alleged testator was, at the time it is alleged she executed the said alleged will, a very old woman, and very feeble, both physically and mentally. She was at that time at the home of N. D. Deleshaw, who was her brother-in-law, and who is the father and grandfather of the beneficiaries named in said will. The said alleged testator had made her home with the said Deleshaw and his wife, who was a sister of testatrix, for many years prior to her death. During some years prior to the alleged execution of said alleged will, Mary B. Alexander has been physically infirm, and oftentimes sick, and in need of the care of a physician, and that re-

spondent F. E. Gibson, who is one of the alleged executors of the said alleged will, for some years prior to the time that it is alleged she executed said will, was her regular and attending physician. Said Gibson, was the only physician in charge of the treatment of the said testatrix for some years prior to the alleged execution of said alleged will, and when said alleged will was executed the wife of said Gibson, who was the daughter of said N. D. and Sallie Deleshaw, was made a beneficiary thereunder, and said Gibson was made executor thereof. For some time prior to the time it is alleged that the testatrix executed said will, H. L. Deleshaw, who is the son of N. D. Deleshaw, and named in said will as one of the beneficiaries thereunder, and also as one of the executors thereof, made his home in the home of the said N. D. Deleshaw, and so resided there to within a few months of the time of the alleged execution of said will. And when he ceased to make his home there, he moved out only a few hundred yards away, and he was frequently and often back in the home of said N. D. Deleshaw, and with the said testatrix up to the time of the said alleged execution of said alleged will."

The other beneficiaries named in the will are also alleged to have had their home where the testatrix lived up to within a few months before the making of the said alleged will. It is then alleged that, on account of the situation and circumstances of said testatrix at the time it is alleged to have been executed, there were confidential relations existing between the beneficiaries and executors named in the will and the testatrix, and that by some means not now known to complainant, and on account of the weak and feeble condition of the said testatrix, and the confidential relations existing between her and the above-named parties, they or some of them,

gained ascendancy and domination and control over the mind of the said Mary B. Alexander, and induced her to execute said alleged will, which she would not have otherwise done.

Paragraph 7 was amended by adding thereto "said fraud consisted in their gaining dominion over her as alleged in pragraph 6, and procuring the execution of said alleged will against her free agency."

CHENAULT & CHENAULT, for appellant. The court was in error in sustaining the various demurrers to the bill, as the bill sufficiently alleged undue influence, it not being necessary to allege the acts of undue influence in detail.—*Coghill v. Kennedy*, 119 Ala. 641; *Barksdale v. Davis*, 114 Ala. 623; *Letohatchie Baptist Church v. Bullock*, 133 Ala. 552; *McLeod v. McLeod*, 137 Ala. 267; *Phillips v. Bradford*, 147 Ala. 352.

CALLAHAN & HARRIS, and W. T. LOWE, for appellee. The bill was insufficient in its allegations of undue influence, and the court properly sustained the demurrers thereto.—*Moore v. Heineke*, 119 Ala. 627; *Barksdale v. Davis*, 114 Ala. 623.

SOMERVILLE, J.—The bill was filed by appellant for the purpose of contesting the validity of a will which had been regularly probated according to law. The grounds of contest are testamentary incapacity and undue influence. The chancellor sustained demurrers to the sixth and seventh paragraphs of the bill, both separately and as a whole, and the appeal is from that decree.

As last amended, these two paragraphs are manifestly intended to *conjointly* state the single charge of undue influence, and the sufficiency or insufficiency of the

[Alexander v. Gibson, et al.]

allegations in support of this charge cannot be tested by reference to either one of these paragraphs without regard to the other. If, considered together, their allegations are sufficient, all the demurrers should have been overruled.

In *Coghill v. Kennedy,* 119 Ala. 641, 24 South. 459, it was said, per BRICKELL, C. J.: "Nor are the pleas objectional on the ground that they state mere legal conclusions, and do not aver facts constituting undue influence. The third plea charges that the deceased at the time of making the will was under the domination and control of certain named members of the Coghill family, or some of them, and that the will is the result and product of the undue influence exercised by them over the mind of the deceased, and was not the result of the exercise of her free volition. This must be treated as equivalent to an averment that the persons named, or some of them, acquired a dominating influence over the mind of the deceased, which destroyed her free agency, and constrained her to execute the instrument against her will; and, thus treated, it is sufficient. To require the contestant to state in the plea the means by which the influence was acquired, and the manner in which it was exercised, would be to require that which in the great majority of cases is impossible, since the knowledge of these facts rests entirely in those who are most interested in withholding it."

In *Letohatchie Church v. Bullock,* 133 Ala. 548, 552, 32 South. 58, 59, this same ruling was applied to the impeachment of a deed for undue influence, and it was said, per MCCLELLAN, C. J.: "We have never understood it to be necessary to allege with particularity the quo modo the result complained of was accomplished, but only that it was accomplished by undue influence exerted by named persons. * * * Hence it is that

[Alexander v. Gibson, et al.]

the averment should be rather of the result than of the particular and special acts and modes of causation." To the same effect are *McLeod v. McLeod,* 137 Ala. 267, 34 South. 228, and *Phillips v. Bradford,* 147 Ala. 352, 41 South. 657.

In *Barksdale v. Davis,* 114 Ala. 623, 22 South. 17, the distinction between *fraud proper* and undue influence, as to the requirements in pleading them, seems to have been overlooked, and it was held that a bill contesting a will on these grounds "should set forth the facts constituting the fraud *or undue influence."*

In *Moore v. Heineke,* 119 Ala. 627, 635, 24 South. 374, 377, there was contest of a will in the probate court, on one ground, among others, that the execution of the will was induced by a named person, "by and through fraud and undue influence." It is obvious that a demurrer to this ground for insufficiency in the averment of *fraud* was well founded, and the ruling might well have been thus explained. However, the opinion cites the ruling in the *Barksdale Case* in support of the ruling sustaining the demurrer.

In so far as the cases of *Barksdale v. Davis* and *Moore v. Heineke, supra,* require any detailed statement of the facts relied on to show *undue influence,* they are in plain conflict with the settled rule of our other cases, and to that extent and on that point they must be overruled.

The allegations of the bill in the present case go further even than the rule requires, and respondents' demurrers should have been overruled. The decree of the chancellor will be reversed, and a decree here entered accordingly.

Reversed, rendered, and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.