(90 South. 345)

## STRICKLAND et al. v. STRICKLAND.
### (4 Div. 920.)

(Supreme Court of Alabama. June 16, 1921. Rehearing Denied Oct. 13, 1921.)

1. **Pleading** &cong;8(16)—**Facts constituting undue influence need not be alleged.**

Equity has jurisdiction of a bill to cancel a deed under an averment of undue influence, without setting forth of the facts constituting the undue influence relied upon.

2. **Cancellation of instruments** &cong;37(4)—**Offer to do equity held sufficient offer to return money received.**

An offer, made in a bill to cancel a deed, to perform full equity in the premises and submit to the jurisdiction of the court for that purpose, suffices to meet an objection that the bill fails to show that complainant, before filing the bill, returned the money received for the deed.

3. **Cancellation of instruments** &cong;24(2)—**Offer to restore consideration before action unnecessary.**

An offer by complainant to restore consideration received upon the execution of a deed need not precede the filing of a bill to cancel the deed; an offer in the bill to restore the status quo ante being sufficient.

4. **Equity** &cong;148(6)—**Bill to cancel deed and mortgage held not multifarious.**

A bill to cancel a deed for undue influence, and also a mortgage executed by the grantee to a third person, or in the alternative to cancel the deed and redeem from the mortgage, was not multifarious.

#### On Rehearing.

5. **Equity** &cong;232—**Objection to bill as a whole insufficient in that it only went to the alternative aspect thereof.**

A demurrer that a bill to cancel a deed and mortgage executed by the grantee, or, in

the alternative, to cancel the deed and redeem from the mortgage, failed to show whether the notes secured by defendant's mortgage to the mortgagee was due when the bill was filed cannot be sustained, where addressed to the bill as a whole, since it goes only to the alternative aspect of the bill in which the complainant asks for redemption.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by M. E. Strickland against C. G. Strickland and the Bank of Gordon to cancel a deed and mortgage or in the alternative to cancel the deed and redeem from the mortgage. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill alleges the execution to C. G. Strickland by M. E. Strickland on August 31, 1917, of a warranty deed to 80 acres of land for an express consideration of $1,000. The allegation is that said deed or instrument was obtained by the said respondent C. G. Strickland, through an undue influence over complainant, and that she is entitled to have said instrument canceled and her property restored to her. It is further alleged that after obtaining said deed or instrument, and acquiring possession of the premises under an undue influence, said C. G. Strickland mortgaged said premises with the Bank of Gordon to secure a note for $280, and complainant is informed and believes, and on such information and belief charges, that said bank had knowledge of the fraudulent transaction by which C. G. Strickland through an undue influence obtained complainant's property, and that the debt secured by the said mortgage existed prior to the execution of the mortgage, and that the debt is usurious.

Farmer, Merrill & Farmer, of Dothan, for appellants.

The bill fails to allege that complainant is in possession of the lands described in the deed. 182 Ala. 540, 62 South. 753. The bill fails to allege facts constituting undue influence. 87 Ala. 685, 6 South. 95, 4 L. R. A. 637. The bill fails to offer to restore the consideration paid. 198 Ala. 50, 73 South. 409; 133 Ala. 426, 31 South. 982; 121 Ala. 575. 25 South. 998; 194 Ala. 672, 69 South. 895; 195 Ala. 501, 70 South. 143. The bill is multifarious. 165 Ala. 189, 51 South. 757; 174 Ala. 445, 57 South. 20; 176 Ala. 234, 57 South. 698; 155 Ala. 659, 47 South. 159. There is no demand shown for a return of the deed. 123 Ala. 439, 26 South. 290; 187 Ala. 230, 65 South. 790; 196 Ala. 72, 71 South. 422. The bill should allege that the mortgage was due and payable. 121 Ala. 524, 26 South. 201; 106 Ala. 139, 17 South. 610; 99 Ala. 60, 11 South. 447.

R. C. Williams and T. M. Espy, both of Dothan, for appellee.

The allegation of undue influence was insufficient. 195 Ala. 469, 70 South. 148; 3 Ala. App. 483, 57 South. 150; 133 Ala. 548, 32 South. 58; 137 Ala. 267, 34 South. 228; 147 Ala. 346, 41 South. 657. The bill sufficiently offered to do equity. 35 Ala. 560; 126 Ala. 168, 28 South. 711, 85 Am. St. Rep. 17; 154 Ala. 346, 45 South. 715. There was no occasion for the bill to allege possession of the land in complainant, and the bank was a necessary party.

SAYRE, J. Complainant (appellee), M. E. Strickland. filed this bill against C. G. Strickland and the Bank of Gordon (appellants). The purpose of the bill is to set aside and cancel a deed, purporting to have been made by complainant to defendant C. G. Strickland, as having been procured by undue influence exercised by the latter over the former, and to set aside and cancel, in so far as it affects complainant's title, a later deed of mortgage made by defendant C. G. Strickland to the bank, the averment as to that being that the bank, when it took its mortgage, had knowledge of the fraudulent transaction whereby defendant procured his deed from complainant. In the alternative it is prayed that if mistaken as to the averment of knowledge on the part of the bank, complainant may be allowed to redeem from the bank by paying whatever may be due on its mortgage, that complainant be awarded judgment against defendant C. G. Strickland for any amount she may be required to pay to the bank for redemption, and for general relief. Complainant "submits herself to the jurisdiction of this court [the circuit court sitting in equity], and offers to obey the orders of the court and its decrees, and to perform full equity in the premises as may be determined [by the court]." The demurrer objects: (1) That the bill states a mere conclusion of the pleader, and fails to set forth the facts constituting the undue influence relied upon; (2) the bill fails to show that complainant, before filing her bill, returned the money received by her for the deed; (3) the bill fails to show that complainant is in possession of the land; (4) is multifarious. The demurrer was overruled, and defendants have appealed.

[1] Considering these grounds of demurrer in our own order, we say: Equity has jurisdiction of the bill by reason of the averment of undue influence, without more.

"Where there is no coercion amounting to duress, but the transaction is the result of a moral, social, or domestic force exerted upon a party, controlling the free action of his will and preventing any true consent, equity may relieve against the transaction, on the ground of undue influence, even though there may be no invalidity at law." 2 Pom. Eq. Jur. (4th

Ed.) § 951; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528; Stroup v. Austin, 180 Ala. 240, 60 South. 879; Cox v. Davis-Wilson-Gaillard Com. Co., ante, p. 167, 89 South. 437.

Formerly it was held in this court that in a bill of this character it was necessary to set forth the facts constituting undue influence. Such is still the rule of averment in cases of fraud. But now, for reasons stated in Coghill v. Kennedy, 119 Ala. 641, 24 South. 459, it is not essential that a bill praying relief on the ground of undue influence should aver the acts of undue influence in detail. In this respect the bill here follows our latest rule, and is sufficient. Alexander v. Gibson, 176 Ala. 258, 57 South. 760; Cunningham v. Herring, 195 Ala. 469, 70 South. 148, where this subject is considered more at length.

[2, 3] The offer, made in the bill, to perform full equity in the premises, and submitting to the jurisdiction of the court for that purpose, suffices to meet the objection stated in the second place supra. Perry v. Boyd, 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17. If the opinion in Kant v. A. B. & A. R. R. Co., 189 Ala. 48, 66 South. 598, be construed as holding that in a case like this an offer by complainant to restore the consideration received upon the execution of the deed must precede the filing of the bill, it is out of harmony with all other decisions of this court. Perry v. Boyd, supra, and cases there cited; Loxley v. Douglas, 121 Ala. 575, 25 South. 998; Walling v. Thomas, 133 Ala. 428, 31 South. 982; Consumers' Coal Co. v. Yarbrough, 194 Ala. 483, 69 South. 897, where many cases are cited; Mathews v. Carroll Mercantile Co., 195 Ala. 501, 70 South. 143, all cases holding that an offer in the bill to restore the status quo ante is enough. Relief on such a bill will be conditioned upon complainant doing equity as the court may find. In a court of law a different rule prevails of necessity. The law courts have no such authority in the award of relief. Some such cases are cited in the brief for appellant.

[4] The bill is not multifarious. The bank, rather obviously it would seem, is interested on its own account in the cause between the Stricklands—is interested to know and have determined by competent decree by whom and on what conditions redemption may be had against its mortgage:

"In considering whether a bill in equity unites distinct matters, which ought not to be joined, and misjoins parties defendant, the inquiry is not, whether each defendant is connected with, and has an interest in every branch of the case. * * * 'If the object of the suit be single, but it happens that different persons have separate interests in distinct questions, which arise out of that single object, it necessarily follows that such different persons must be brought before the court, in order that the suit may conclude the whole subject.'" Kingsbury v. Flowers, 65 Ala. 479, 39 Am. Rep. 14.

It cannot be said that the bill brings in distinct causes or persons having no proper connection with each other.

It follows that in the decree overruling the joint and separate demurrer there was no error as to any of the demurring parties.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

## On Rehearing.

SAYRE, J. [5] The objection that the bill fails to show whether the note secured by defendants' mortgage to the bank was due when the bill was filed is, on the record, addressed to the bill as a whole; but, obviously, it goes only to that alternative aspect of the bill in which complainant asks for redemption. The demurrer was not properly framed. It could not be sustained. 5 Mich. Ala. Dig. p. 565, § 172, where numerous cases to this effect are cited.

Application overruled.