(94 South. 587)

**POWE et al. v. PAYNE et al. (7 Div. 236.)**

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

1. **Deeds ⬅141—Reservation of rents for grantor's life amounts to reservation of life estate.**

A deed reserving the rents to grantor for life amounts to reservation of a life estate.

2. **Quieting title ⬅12(6)—Remaindermen may sue to cancel prior conveyances though not in actual possession.**

Grantees of an estate in remainder may sue to cancel prior conveyances for fraud and undue influence and to have the property sold for division, though they are not in actual possession.

3. **Champerty and maintenance ⬅7(1)—Remaindermen's suit to cancel prior conveyances held not barred on ground of maintenance.**

A suit by grantees under a deed reserving the rents to grantor for his life to cancel prior conveyances to another for fraud and undue influence and to sell the property for division in lieu of partition *held* not barred on the ground that the deed to them savored of maintenance.

4. **Cancellation of instruments ⬅37(7)—Bill alleging undue influence sufficient though facts constituting alleged fraud were not clearly set forth.**

A bill to cancel conveyances for undue influence, averring that the relations between grantor and grantee were confidential, and that the latter had acquired a dominating influence over the former which he exercised to procure the execution of the deeds, *held* sufficient, though it failed to set forth clearly the facts; the averments sufficiently challenging the validity of the deeds as having been procured by means of that species of fraud known as undue influence.

5. **Partition ⬅12(5)—Grantees of remainder after life estate cannot file bill for partition.**

Grantees under a deed reserving the rents to grantor for life, which amounts to reservation of a life estate, cannot file a bill for partition, not being entitled to immediate possession or enjoyment of any estate.

6. **Equity ⬅230—Demurrer not addressed particularly to aspect in which bill was defective properly overruled.**

A demurrer to a bill by grantees of an estate in remainder after a life estate, to have the property sold for division in lieu of partition, was properly overruled, though complainants, not being entitled to immediate possession or enjoyment of any estate, were in no position to file such a bill, where there was no ground of demurrer addressed particularly to such aspect thereof.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Suit by Marguerite Powe Payne and others against Frank H. Powe and others. From a decree overruling demurrers respondents appeal. Affirmed.

In the deed from Julius A. Powe to appellees, this provision appears:

"This conveyance shall not affect a rental contract with Frank H. Powe who has rented the property for the year 1920, and the said rents are to be paid to the undersigned (Julius A. Powe, the grantor), and, as long as the undersigned shall live, the rents on said property shall be paid as the undersigned may direct."

Knox, Acker, Dixon & Sims, of Talladega, for appellants.

Tenants in common owning the reversionary interest, cannot maintain a bill for sale and division against the owner of the life interest. 202 Ala. 219, 80 South. 41; 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; 180 Ala. 254, 60 South. 828; 201 Ala. 248, 77 South. 838. Fraud is a conclusion of law from facts stated and proved. When it is pleaded in law or in equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is not sufficient. 194 Ala. 469, 69 South. 935; 58 Ala. 627; 68 Ala. 80; 69 Ala. 40; 76 Ala. 347; 9 C. J. 1233; 114 Ala. 630, 21 South. 534; 98 Ala. 521, 13 South. 374; 100 Ala. 296, 14 South. 573; 103 Ala. 630, 16 South. 15; 125 Ala. 609, 27 South. 972; 114 Ala. 506, 21 South. 939; 135 Ala. 455, 33 South. 185, 93 Am St. Rep. 35. The assignment of a bare right to file a bill in equity for a fraud committed on the assignor is void, being contrary to public policy and savoring of the character of maintenance. 11 C. J. 238; 138 Ill. 137, 27 N. E. 931. A mortgagee of real estate is regarded as a purchaser and is entitled to equal protection, and the facts must be shown that the mortgagee had actual or constructive notice of the invalidity of a deed through which the mortgagor claims title. Code 1907, §§ 3347, 3348; 66 Ala. 600; 55 Ala. 369, 38 Ala. 125, 116 Ala. 192, 23 South. 56; 89 South. 520; 27 Cyc. 1139.

Lapsley & Carr, of Anniston, for appellees.

Brief on original submission did not reach the Reporter.

On rehearing, counsel contend for error in the judgment of affirmance, in the particulars of the decision that the deed to appellees contained a reservation of a life estate in the grantor, and that appellees are not entitled to immediate possession of the land, and cite 240 Fed. 97, 153 C. C. A. 133.

SAYRE, J. [1] In January, 1920, Julius A. Powe, seised and possessed of the land in controversy, executed and delivered to his four children a voluntary deed to the same reserving unto himself for life "the rents." This is conceived in the brief for appellant

to amount to the reservation of a life estate in the land, and properly so, we think. Reed v. Reed, 9 Mass. 372; Fox v. Phelps, 17 Wend. (N. Y.) 393; Williams v. Owen, 116 Ind. 70, 18 N. E. 389; 3 Washburn, Real Property (5th Ed.) 405; 18 C. J. 306. Previously, in 1914, 1915, and 1917, he had executed and delivered to his son, defendant (appellant), Frank H. Powe, one of the grantees named in the later deed, three several conveyances of the same tract of land. The bill here is filed by the three daughters, being three of the grantees named in the later deed, against Frank H. and Julius A. and the Federal Land Bank to whom Frank H. had given a mortgage to secure a loan to him. The two-fold purpose of the bill is to vacate and cancel the conveyances to Frank H. as having been induced by fraud and undue influence, and the mortgage as having been accepted with knowledge or notice of the infirmity of the mortgagor's title, and to have the property sold for division in lieu of partition. The separate demurrers of Frank H. Powe and the Federal Land Bank were overruled; after which said parties took this appeal.

[2] Complainants are entitled to file this bill for the protection of their estate in remainder notwithstanding they are not in actual possession. Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528; Lansden v. Bone, 90 Ala. 446, 8 South. 65; Dallas Compress Co. v. Smith, 190 Ala. 434, 67 South. 289.

[3] The argument that the deed to complainants savored of maintenance, and hence that they should not be allowed to proceed in this cause, is answered by the decision in Gandy v. Fortner, 119 Ala. 303, 24 South. 425.

[4] If the bill be taken as intending to charge fraud, that is, fraud other than undue influence, it would be seriously defective in failing to set forth clearly the facts constituting fraud; but we read the bill as charging the procurement of the conveyances to defendant Frank H. Powe by means only of that species of fraud known as undue influence. We consider the averments of the amended bill—the amendment withdrew the averment of the grantor's mental incapacity—as equivalent to the averment that the relations between Julius A. and Frank H. Powe were confidential, that the letter had acquired a dominating influence over the former, and exercised that influence to procure the execution of the deeds in controversy. These averments sufficiently challenge the validity of the deeds as having been procured by undue influence. Coghill v. Kennedy, 119 Ala. 641, 24 South. 459. In the absence of the averment of confidential relations, it would be necessary to set forth clearly the facts constituting fraud.

[5, 6] From what has been said it appears that complainants are not entitled to immediate possession or enjoyment of any estate in the land and hence that they are not in a position to file a bill for partition. Wheat v. Wheat, 190 Ala. 461, 67 South. 417; Shannon v. Ogletree, 202 Ala. 219, 80 South. 41. But there was no ground of demurrer addressed particularly to this aspect of the bill. It results that the demurrer was properly overruled. Barksdale v. Davis, 114 Ala. 623, 22 South. 17.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.