(98 South. 564)

### HYMAN et al. v. LANGSTON.
### (5 Div. 866, 866A.)

(Supreme Court of Alabama. Dec. 20, 1923.)

**I. Deeds** ⊚═19—**In consideration of support, may be canceled for grantee's fraud.**

Equity will grant relief by canceling the deed of an aged person, who, in consideration of a promise of support, has conveyed his property to the promisor, on the ground of promisor's fraud in not intending to furnish support when the promise was made.

**2. Fraud** ⊚═41—**General averments insufficient.**

General averments of fraud will not suffice, but the constitutent facts must be averred so that the court can see clearly that fraud has intervened.

**3. Cancellation of instruments** ⊚═37(6)—**Complaint held to sufficiently allege fraud.**

In suit by aged grantor to set aside deed made by him to his daughter and her husband in consideration of their promise to support him, *held*, that the bill sufficiently showed fraud by averring that the defendant daughter procured complainant to execute a deed, the con-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sideration of which was her promise to care for him in his old age; a promise which, at the time, she intended not to keep and perform.

**4. Pleading ⬅—11—Evidence not properly pleaded.**

Good pleading neither requires nor permits the averment of the evidence upon which the pleader relies.

**5. Cancellation of instruments ⬅37(7)—Acts of undue influence need not be averred in detail.**

In a bill to set aside a conveyance as induced by undue influence, it is not essential that there should be an averments of the acts of undue influence in detail.

**6. Appeal and error ⬅232(1½)—Objection that bill contains no offer to do equity must be raised by demurrer.**

On appeal from decree overruling demurrer to a bill to cancel a conveyance for fraud, the objection that the bill contains no offer to do equity cannot be considered where no ground of demurrer took this point.

**7. Equity ⬅150(1)—Amendment held to render bill multifarious.**

In suit to cancel conveyance of property as induced by fraud, an amendment bringing in the minor daughter of the defendants, and averring that, to place other property beyond the reach of any judgment which might be rendered in complainant's favor, the adult defendants, after procuring from complainant the deed of his property, and upon a voluntary consideration, conveyed to the granddaughter such other land, *held* demurrable for multifariousness.

Appeal from Circuit Court, Chilton County; Geo. F. Smoot, Judge.

Bill in equity by I. N. Langston against Laura Hyman and others. From rulings on demurrer, both respondents and complainant appeal. Affirmed on both appeals.

Lawrence F. Gerald and Reynolds & Reynolds, all of Clanton, and James J. Mayfield, of Montgomery, for appellant.

Fraud is a conclusion of law from facts stated and proved. When pleaded, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is not sufficient. 1 Story, 204; Ala. Coal Co. v. Gulf Co., 171 Ala. 552, 54 South. 685; Davis v. Simpson Co., 162 Ala. 429, 50 South. 368; 10 R. C. L. 415; Dennis v. Mobile R. Co., 137 Ala. 649, 35 South. 30, 97 Am. St. Rep. 69; S.-S. S. & I. Co., v. Smith, 166 Ala. 448, 52 South. 38; 27 C. J. 30; So. C. O. Co. v. Harris, 175 Ala. 323, 57 South. 854.

J. Osmond Middleton, of Clanton, for appellees.

Equity will grant relief in a case of this character, the remedy at law being inadequate. Johnson v. Chamblee, 202 Ala. 525, 81 South. 27. A subsequent purchaser of the land, with notice of the fraud, is a proper party. Harwell v. Leham, 72 Ala. 344. The averments of the bill are sufficient. Strickland v. Strickland, 206 Ala. 452, 90 South. 345; Cunninghame v. Herring, 195 Ala. 469, 70 South. 148; Alexander v. Gibson, 176 Ala. 258, 57 South. 760; Grubbs v. Hawkins, 208 Ala. 349, 94 South. 484. Where the object of the suit is single, it is no objection that the defendants have separate interests in distinct and independent questions, provided they are all connected with and arise out of the single object of the suit. Randle v. Boyd, 73 Ala. 282; Bolman v. Lohman, 74 Ala. 507; Russell v. Garrett, 75 Ala. 348; Holt v. Wilson, 75 Ala. 58; Hinds v. Hinds, 80 Ala. 225; Handley v. Heflin, 84 Ala. 600, 4 South. 725; Collins v. Stix, 96 Ala. 338, 11 South. 380; Christian v. Kling, 121 Ala. 292, 25 South. 629; Howard v. Corey, 126 Ala. 283, 28 South. 682; Adams v. Wilson, 137 Ala. 632, 34 South. 831; Esbridge v. Brown, 208 Ala. 210, 94 South. 354.

SAYRE, J. Complainant, appellee, filed this bill to set aside a deed of his property made by him to his daughter, Laura Hyman, averring that the execution of said deed had been procured by the fraud of the grantee and her husband, the codefendant, E. G. Hyman. Complainant also joined the People's Savings Bank as party defendant, averring that it had accepted from his grantee a mortgage purporting to secure a large sum of money, having at the time notice of the fraud practiced upon him by the defendants Laura Hyman and her husband. By an amendment Mittice Hyman, the minor daughter of the other Hyman defendants, was brought in as a party defendant, the averment as to her being that, in order to place the property beyond the reach of any decree or judgment which might be rendered in favor of complainant by reason of the things and matters alleged in the bill, defendants Laura and E. G. Hyman, after procuring from complainant the deed of his property, and, upon a voluntary consideration, did execute and deliver to Mittice a conveyance of other land owned by them. But the trial court held, on demurrer, that this amendment made the bill multifarious, after which complainant withdrew the amendment. The ruling on the demurrer to the amended bill is assigned for error by cross-appellant. Separate demurrers by the other defendants to the bill in its original form were overruled, and that ruling has been assigned for error by the original appellants, separately and severally.

Complaint is made against the bill on the ground that it fails to set forth the facts relied upon to sustain the charges of fraud and undue influence. Substantially stated, the bill shows that complainant, an old

man, feeble in body and mind, and much depressed by the recent loss of his wife, which left him alone on the place where he lived for many years, was induced by defendants, his daughter and son-in-law, to receive them into his household on the false promise and pretense that they would care for him in his old age, and thereafter immediately began to importune complainant to convey his home and the tract of land upon which it was located to defendant, his daughter, "promising," now to quote the bill, "to support and care for him tenderly for the remainder of his life, their purpose and object being thereby fraudulently to obtain from orator a deed to his said home, which was substantially all of his property, under the false and fraudulent promise to give him in his old, feeble, and broken condition, a home, and to care for him during the remainder of his natural life, when, in fact, they had no intention of fulfilling such promise, and which promise they afterwards refused to make good, as hereinafter recited." It is then shown that complainant had "unlimited confidence in the said Laura Hyman and E. G. Hyman, which they well knew, and knowing also of his said condition and situation, and their position of dominance over him, and with said fraudulent design and purpose, they persuaded and induced orator to execute a deed" to his home place, "having at the time no intention of fulfilling their said promises." The bill exhibits the formal agreement in writing wherein the Hyman defendants agreed to care for complainant as a member of their household during the remainder of his life, in consideration whereof he conveyed his land. Then it is alleged that said defendants "began to treat orator with such coldness, indifference, and cruelty as, intentionally, to make his residence with them in peace and comfort impossible."

[1-4] Equity will grant relief by canceling the deed of an aged person who, in consideration of a promise of support, has conveyed his property to the promisor, on the ground of promisor's fraud in not intending to furnish support when the promise is made, Johnson v. Chamblee, 202 Ala. 525, 81 South. 27. And, further, fraud apart, this court has held that relief will be afforded against conveyances for support, on nonperformance of the agreement, on the broad ground that there is no adequate relief at law, and equity will not permit a party to enjoy the fruits of a contract when he deliberately refuses to perform the obligations thereby imposed upon him. Russell v. Carver, 208 Ala. 219, 94 South. 128. Complainant undertakes to state a case of actual fraud—fraud in the procurement of the deed—thereby bringing his case within the rule of pleading which requires that general averments of fraud will not suffice; the constituent facts must be averred so that the court can see clearly that fraud has intervened. McDonald v. Pearson, 114 Ala. 630, 642, 21 South. 534. In the case under consideration the fraud is sufficiently shown by averment of the parties and the fact that defendant Laura Hyman procured complainant to execute a deed the consideration of which was grantee's promise to care for him in his old age, a promise which, at the time, she intended not to keep and perform. These averments of the bill suffice to show a case of fraud. Johnson v. Chamblee, supra, and cases cited on page 529. The intention not to perform, entertained contemporaneously with acceptance of the conveyance, is the ultimate, elemental fact to be averred as showing fraud, after a statement of the condition and relation of the parties as in the case under consideration. That intention is averred, and as well that defendants Hyman intended "to defraud and deprive him [complainant] of his said home and without paying therefor to acquire it for themselves." And so with regard to the averment that "they treated him with such coldness, indifference and cruelty as, intentionally, to make his residence with them in peace and comfort impossible." It is not perceived that any multiplication of words would contribute to a clearer understanding of the facts on which the charge of fraud is founded. There may have been related collateral facts tending to prove the intention, or lack of intention, alleged, but good pleading neither requires nor permits the averment of the evidence upon which the pleader relies.

[5] The briefs refer to the bill as if framed with the purpose of stating, in the alternative, a case of undue influence. It is doubted that the pleader had it in mind to charge undue influence as a ground of relief separate and apart from actual fraud. But, however that may be, there is no ground of demurrer addressed to the bill in whole or in part as a bill charging undue influence. In such a bill, we may add, it is not essential that there should be an averment of the acts of undue influence in detail. Powe v. Payne, 208 Ala. 527, 94 South. 587; Strickland v. Strickland, 206 Ala. 452, 90 South. 345; Alexander v. Gibson, 176 Ala. 258, 57 South. 760; Cunninghame v. Herring, 195 Ala. 469, 70 South. 148.

[6] So, likewise, there is complaint that the bill contains no offer to do equity; but no ground of demurrer took this point.

[7] Complainant, appellee in the original appeal, assigns error upon that ruling of the court which held his bill to be multifarious by reason of the joinder of Mittice Hyman as a party defendant, as heretofore stated. We do not see that the matter of the conveyance to Mittice of other lands, though made with the purpose of hindering, delaying, or defrauding complainant in respect of the collection of any damages that

may have accrued to complainant by reason of the alleged breach of the contract for his support, had any proper relation with the main purpose of the bill, viz. to set aside the conveyance by complainant, and are therefore of opinion that the court properly sustained the demurrer for multifariousness. 5 Mich. Dig. p. 537, § 116 (1).

The decree will be affirmed on both appeals. The costs of appeal will be charged equally, one-half against original and one-half against cross appellants.

Affirmed on both appeals.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.