(134 So. 798)

## HARRIS v. NICHOLS.

6 Div. 872.

Supreme Court of Alabama.

May 21, 1931.

Mathews & Mathews and H. H. Sullinger, all of Bessemer, and J. T. Johnson, of Oneonta, for appellant.

A. L. Sapp, of Cullman, and W. C. Rayburn, of Guntersville, for appellee.

GARDNER, J.

The bill seeks the cancellation of a deed and mortgage executed by complainant to respondent, resting upon the right of rescission by reason of alleged fraudulent representations. Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Merritt v. Ehrman, 116 Ala. 278, 22 So. 514; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Hyman v. Langston, 210 Ala. 509, 98 So. 564.

It appears from the bill that in the transaction here complained of, which consisted in an exchange of certain real estate between the parties, respondent conveyed to complainant one hundred and twenty acres of land. There is no offer to reconvey or to restore said property to respondent, and, indeed, no general offer to do equity. For such failure to offer restoration, the bill is subject to the fifth assignment of demurrer, which properly takes the point. Mathews v. J. F. Carroll Merc. Co., 195 Ala. 501, 70 So. 143; Owens v. Harris (Ala. Sup.) 133 So. 6;[1] Baggett Merc. Co. v. Vickery, 213 Ala. 427, 105 So. 207; Summers v. Jordan, 220 Ala. 402, 125 So. 642; Grider v. Amer. Freehold Mortgage Co., 99 Ala. 281, 12 So. 775, 42 Am. St. Rep. 58.

The foregoing authorities from this court are in harmony with the generally recognized rule elsewhere (9 Corpus Juris, 1241), and with any exception thereto we are not here concerned.

We are also inclined to the view the bill fails to measure up to the rule of equity pleading in charging fraud. General averments of fraud will not suffice, but the con-

---

[1] 222 Ala. 461.

stituent facts must be averred so that the court can see clearly that fraud has intervened. Hyman v. Langston, supra; McDonald v. Pearson, 114 Ala. 630, 21 So. 534.

The word "uneducated," used in the bill, is one of relative meaning, and, if complainant meant to aver that he could not read, and therefore did not know the contents of the deed, he accepted, which recited the facts, and was misled by respondent concerning the same, it should be plainly so alleged.

There was error in overruling the demurrer to the bill.

Let the decree be reversed and the cause remanded for further proceedings in the court below.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

