143 So. 468

## BORTON v. BORTON.

### 8 Div. 387.

Supreme Court of Alabama.

June 9, 1932.

Rehearing Denied Oct. 13, 1932.

Tennis Tidwell and Eyster & Eyster, all of Decatur, for appellant.

E. W. Godbey and A. J. Harris, both of Decatur, for appellee.

BROWN, J.

This is a bill filed by the appellee against the appellant as an individual and as executrix of the estate of L. W. Borton, deceased, contesting the alleged will of said L. W. Borton on the ground that the execution of said will was procured by undue influence exerted by the respondent.

This appeal is from the decree of the court overruling the respondent's demurrer to the bill, and the sole contention is that the facts alleged "are wholly insufficient to charge the defendant with the exercise of that undue influence which is necessary to set aside and hold for naught the otherwise voluntarily executed and probated will."

While undue influence "is a species of constructive fraud which the courts will not undertake to define by any fixed principle, lest the very definition itself furnish a finger-board pointing out the path by which it may be evaded" (Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528; 8 R. C. L. 1032, § 88), it is well settled that in pleading undue influence as grounds for avoiding a will or conveyance it is not necessary to allege the quo modo—the facts constituting the undue influence—this for the reason that the knowledge of such facts, in the great majority of cases, is entirely with those who have exerted the undue influence, and who are most interested in upholding the will or

458

conveyance, and to demand specific allegations which constitute such fraud would be to require the impossible. Alexander v. Gibson et al., 176 Ala. 258, 57 So. 760; Birmingham Trust & Savings Co. et al. v. Cannon, 204 Ala. 336, 85 So. 768; Raney v. Raney, 216 Ala. 30, 112 So. 313; Daggett v. Boomer, 210 Ala. 673, 99 So. 181.

Barksdale v. Davis, 114 Ala. 623, cited by appellant, and other cases holding that distinct averment of facts constituting undue influence must be made, was expressly overruled by Alexander v. Gibson et al., supra. And in Birmingham Trust & Savings Co. et al. v. Cannon, supra, a like holding in Frederick v. Hartley, 202 Ala. 43, 79 So. 381—requiring averment of the facts constituting undue influence—was pronounced dictum and in effect disapproved.

In Ellis et al. v. Crawson, 147 Ala. 294, 41 So. 942, and Dulaney et al. v. Burns, 218 Ala. 493, 119 So. 21, the court was dealing with averments designed to show "positive or actual" fraud, as to which the rule of pleading requires the facts showing such fraud to be stated. Alexander v. Gibson et al., supra; 12 R. C. L. 230, § 3.

While the bill as amended alleges the facts and circumstances leading up to the execution of the will, with more or less detail, showing that the respondent was the active and dominant party in the several transactions—a sufficient background for undue influence (Powe et al. v. Payne et al., 208 Ala. 527, 94 So. 587)—it also alleges "and the said will was the result of the undue influence exercised by the said Mildred Borton upon the testator, the said L. W. Borton, and was executed the year following said marriage, which was contrived by the said Mildred, with the said will as the previsioned finale and goal. * * * The said undue influence so exercised by the said Mildred Borton upon the said L. W. Borton continued until to-wit: the 4th day of August, 1922, when as a result of undue influence, then and theretofore exercised upon him by the said Mildred Borton, the said L. W. Borton executed a codicil to his will which was executed on September 18th, 1916." These averments, in our judgment, show that the execution of the will and the codicil thereto were the result of undue influence exercised by the respondent—a particular person—and meet the requirements of the rule of pleading established by our cases. Coghill v. Kennedy, 119 Ala. 641, 24 So. 459.

The circuit court ruled in accordance with these views, and the decree is due to be. affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.