143 So. 469

### NOEL v. NOEL et al.
### 8 Div. 332.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied June 23, 1932.

Wm. C. Rayburn, of Guntersville, for appellant.

D. Isbell, of Guntersville, for appellees.

GARDNER, J.

The appeal is from a decree sustaining a demurrer to the bill. The argument for complainant rests upon the theory that the bill is one to cancel a deed for undue influence, and reliance is had upon the authorities to the effect that in such cases it is not necessary to allege the quo modo by which the undue influence was exerted, but averments in general terms to that effect suffice. Roberts v. Cleveland, 222 Ala. 256, 132 So. 314; Strickland v. Strickland, 206 Ala. 452, 90 So. 345; Mildred Borton v. Frank O. Borton, post, p. 457, 143 So. 468, present term; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148.

Upon this question of pleading the cases mark the distinction between undue influence, as a species of constructive fraud (8 R. C. L. 1032), and "fraud proper," as it has been expressed (Alexander v. Gibson, 176 Ala. 258, 57 So. 760), in which latter case general averments of fraud will not suffice, but the constituent facts must be averred so that the court can clearly see that fraud has intervened (Harris v. Nichols, 223 Ala. 58, 134 So. 798).

The averments of the bill (paragraph 2) are more in harmony with the theory of duress, a species of fraud proper (9 R. C. L. pp. 713–724; Treadwell v. Torbert, 122 Ala. 297, 25 So. 216; Royal v. Goss, 154 Ala. 117, 45 So. 231; Rice v. Henderson-Boyd Lumber Co., 197 Ala. 579, 73 So. 70; Strickland v. Strickland, supra; 2 Pom. Eq. Jur. [4th Ed.] § 951; Stroup v. Austin, 180 Ala. 240, 60 So. 879), as distinguished from that of undue influence, and are therefore to be interpreted as charging that character of fraud known as duress, which requires the averment of the constituent facts rather than general conclusions of the pleader as here appears (Harris v. Nichols, supra; Powe v. Payne, 208 Ala. 527, 94

So. 587). So interpreted, the bill was subject to the demurrer interposed.

Though here unnecessary, yet it may not be amiss to say, in view of complainant's argument in brief, that the mere relationship of brother and sister does not of itself create a confidential relation. 12 Corpus Juris, 421; 18 Corpus Juris, 240.

We are of the opinion the decree sustaining the demurrer is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.