145 So. 135

**HORTICULTURAL DEVELOPMENT CO. et al. v. SCHNEIDER.**

*1 Div. 742.*

.Supreme Court of Alabama.

Dec. 22, 1932.

Gordon, Edington & Leigh, of Mobile, for appellants.

668

W. J. Young, of Mobile, for appellee.

GARDNER, J.

The bill is to be construed as one for rescission and cancellation of a contract for the purchase of real estate upon the ground of fraud in its procurement, and for relief incident thereto, including a recovery of the purchase money paid. 39 Cyc. pp. 1426–7; Orendorff v. Tallman, 90 Ala. 441, 7 So. 821; Garner Neville & Co. v. Leverett, 32 Ala. 410.

The contract here involved has been declared void as against public policy (Horticultural Development Co. v. Lark, 224 Ala. 193, 139 So. 229), and the principal insistence here urged against the bill is that it appears the parties are in pari delicto, in which event the law leaves them where it finds them, and will grant no relief; citing Gill Printing Co. v. Goodman, 224 Ala. 97, 139 So. 250; Lunsford v. First National Bank, 224 Ala. 679, 141 So. 673.

Complainant insists the foregoing principle is inapplicable to a contract of this character (13 Corpus Juris 505), but this question may be left to one side and undetermined. This for the reason the relief here sought is based upon defendants' fraudulent conduct whereby complainant was induced, without reading it, to enter into the contract, and the authorities are in accord that under such circumstances the principle sought to be invoked is without application.

"Where parties to a contract against public policy or otherwise illegal, are not in pari delicto, or equally guilty, which they may not be, and where public policy is considered as advanced by allowing either, or at least the more excusable of the two, to sue for relief against the transaction, relief is given to him. The cases of this character are generally where the party asking to be relieved from the effect of an illegal agreement was induced to enter into the same by means of fraud. Here he is not regarded as being in pari delicto with the other party, and the court may relieve him." 13 Corpus Juris 498. And such in effect was the holding of this court in Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528.

Of course the right of rescission for fraud must be seasonably exercised (Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383), but the bill discloses no defect in this regard.

It appears that complainant, upon discovering the true condition of the contract, contrary to that as represented upon its execution, repudiated the same, declined to accept the character of deed tendered, successfully defended litigation sought to enforce it, and seasonably thereafter sought this relief by way of rescission. The individual defendants are the agents of the corporation who are charged with the fraud, and under the authorities they are not improper parties. Johnston v. Little, 141 Ala. 383, 37 So. 592; Story's Eq. Pleading, § 226; Robinson v. Davis, 11 N. J. Eq. 302, 69 Am. Dec. 591.

We find no error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.