155 So. 362

NOEL et al. v. NOEL.
8 Div. 547.

Supreme Court of Alabama.
June 7, 1934.

THOMAS, Justice.

This is the second appeal from rulings on demurrer. Noel v. Noel, 225 Ala. 302, 143 So. 469.

The bill was amended, demurrer overruled, and appeal taken.

The difference between pleading fraud proper and that of undue influence—a species of constructive fraud—has been indicated in Alexander v. Gibson, 176 Ala. 258, 57 So. 760; 8 R. C. L. page 1032; and in the latter instance, held general averments will not suffice, depending, as it does, upon the circumstances of each particular case (Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528); but the constituent facts must be averred to show the court that such a fraud has intervened. Borton v. Borton, 225 Ala. 457, 143 So. 468; Harris v. Nichols, 223 Ala. 58, 134 So. 798; Cooper v. Agee, 222 Ala. 334, 132 So. 173; Noel v. Noel, supra. To render a deed void, undue influence must deprive the grantor of his free agency. Smith v. McHenry, 111 Kan. 659, 207 P. 1108; Linn, as Guardian, v. Blanton, 111 Kan. 743, 208 P. 616; Verner v. Mosely, 221 Ala. 36, 127 So. 527; Kelly v. Tatum, 222 Ala. 655, 133 So. 703; Stroup v. Austin, 180 Ala. 240, 60 So. 879; Abrams v. Abrams, 225 Ala. 622, 144 So. 828; Horticultural Development Co. v. Schneider, 225 Ala. 667, 145 So. 135; Schwab v. Carter, 226 Ala. 173, 145 So. 450. Such conveyances may be canceled as clouds on titles. Ray's Adm'r v. Womble, 56 Ala. 32; Shipman v. Furniss, supra; Gewin v. Shields, 167 Ala. 593, 52 So. 887; Powe v. Payne, 208 Ala. 527, 94 So. 587; Cox v. Parker, 212 Ala. 35, 101 So. 657.

The amendment made after the former decision (Noel v. Noel, 225 Ala. 302, 143 So. 469) was in conformance thereto, and was not subject to the demurrer directed thereto.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

D. Isbell and J. A. Lusk, both of Guntersville, for appellants.

W. C. Rayburn, of Guntersville, for appellee.