# Letohatchie Baptist Church *v.* Bullock.

### *Bill in Equity to set aside and Cancel a Deed.*

1. *Equity pleading; multifariousness.*—A bill in equity is not rendered multifarious by joining with matter proper for equitable action and relief other matters cognizable by courts of law. '

2. *Bill to set aside conveyance on account of undue influence; necessary allegations.*—In a bill filed seeking to have set aside and cancelled a deed, upon the ground that its execution was obtained by undue influence, it is not necessary to allege with particularity the manner in which the result complained of was accomplished, but only that the deed was procured to be executed by undue influence exerted by certain named parties; since the inquiry in such a case is not whether the improper influence was sufficient to have coerced the will of a man of ordinary capacity and force of character, but only whether the influence, whatever it may have been, did, in fact, control the execution of the instrument involved in the controversy.

3. *Equity pleading; objection to bill raised for the first time in Supreme Court comes too late.*—Where a bill is filed to set aside and annul a deed conveying a life estate and an estate in remainder, and the life tenant and the remaindermen are both made parties defendant, and pending such suit the life tenant dies, and thereafter the case proceeds without objection on the part of the remaining defendants as if the life tenant had never been named as a party to the bill, there should be either a suggestion of the death of the life tenant and a discontinuance as to such party, or an amendment striking out the name as a party respondent; but if the objection to this not being done is not made while the cause

is pending in the chancery court, but is made for the first time when the case is on appeal to the Supreme Court, such objection comes too late and will not be entertained.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. W. L. PARKS.

The averments of the bill and the facts of the case are sufficiently stated in the opinion. The respondent demurred to the bill as amended, among others, upon the following grounds: 1. Said amended bill is multifarious in that it seeks to have the deed referred to annulled and set aside on account of the mental incapacity of W. P. Bullock to execute the same, and at the same time to have the said conveyance annulled and set aside on account of undue influence exercised over W. P. Bullock, and at the same time have said conveyance set aside and annulled on account of the failure of the grantor therein to comply with the statutory requirements necessary for the conveyance of a homestead. 2. That said bill is repugnant and inconsistent in that it seeks to have set aside said deed on account of the mental incapacity of the grantor, W. P. Bullock, and at the same time affirms the mental capacity of the said grantor by seeking to have said conveyance avoided on account of the failure of the grantors to observe the statutory requirements in the execution of a homestead. 3. That it is not averred who exercised the undue influence. 4. It is not averred in what the undue influence consisted. There was also a motion to dismiss the bill for the want of equity.

Upon the submission of the cause upon the motion, demurrers and upon the evidence, the chancellor overruled the demurrer and rendered a decree granting the relief prayed for in the bill and ordered accordingly. From this decree the respondent appeals, and assigns the rendition thereof as error.

J. M. CHILTON. for appellant.—The bill in this case was without equity.—*Wood v. Craft,* 85 Ala. 263; *Miller v. Marx,* 55 Ala. 322; *Smith v. McGuire,* 67 Ala. 34; *Barnett v. Proakauer,* 62 Ala. 48.

The averments of the bill as to undue influence are not sufficient to give the court jurisdiction, such averments

being the mere conclusions of the pleader.—*Shipman v. Furniss,* 69 Ala. 555; *Bancroft v. Otis,* 81 Ala. 287; *Gardner v. Knight,* 124 Ala. 273.

WATTS, TROY & CAFFEY, *contra.*—There is nothing in the motion to dismiss for want of equity.—*Seals v. Robinson,* 75 Ala. 353; *Hooker v. S. & M. R. R. Co.,* 69 Ala. 529; *Cahalan v. Monroe,* 56 Ala. 303.

The allegations of the bill as amended are sufficiently full and specific. The failure to have the wife acknowledge the deed separate and apart from the husband makes the deed inoperative in so far as the remainder conveyed is concerned, and that is the only estate now in question.—§ 2, Art. X, Constitution, 1875; *Hood v. Powell,* 73 Ala. 171; *Turner v. Bamburger,* 95 Ala. 241.

Where the wife is superior in intellect and by reason of the confidence and trust of the husband in her, induces the husband to execute a conveyance, it will be set aside.—*Hollocher v. Hollocher,* 62 Mo. 267. See also *Witbeck v. Witbeck,* 25 Mich. 439. Weakness of mind in the grantor furnishes a ground of suspicion that improper influence has been used.—*Kennedy v. Marast,* 46 Ala. 161; *Burke v. Taylor,* 94 Ala. 530; *Jackson v. King,* 4 Cow. (N. Y.), 216.

The burden of proof to show that the deed was obtained by fair means is upon the respondent.—*Ferguson v. Lowery,* 54 Ala. 510; *Malone v. Kelly,* 54 Ala. 532; *Jenkins v. Bradford,* 59 Ala. 400; *Dickinson v. Bradford,* 59 Ala. 581; *Humphrey v. Barleson,* 72 Ala. 1; *Waddell v. Lanier,* 62 Ala. 347; *Shipmen v. Forniss,* 69 Ala. 555; *Burke v. Taylor,* 94 Ala. 530. See especially *McCartney v. Bone,* 33 Ala. 601; *Hill v. Barge,* 12 Ala. 687; 8 Encyc. of Law, pp. 1310, *et seq.;* 27 Ency. of Law, p. 453, n. p. 454; § 4 and n. 3, p. 461; n. to p. 466; Gifts, p. 475 and note; § 4, p. 516.

McCLELLAN, C. J.—This bill is filed by Bullock against the Letohatchie Baptist Church. It avers that Wm. P. Bullock, the uncle of complainant, in the year 1885, executed his last will and testament wherein there was a devise to Louisa A. Bullock of a life estate and to

complainant the remainder estate in a farm, the land
here involved, that Wm. P. died in 1897, and that his
said will has been duly probated. It further avers that
in 1890 said Wm. P. was stricken with paralysis and
from thence to his death was unsound of mind, that
shortly before his death he signed a deed of said farm
purporting to convey a life estate therein to said Louisa
A. and the remainder to said church, that as to the
greater part of the land—160 out of 240 acres—this deed
was void because it covered the homestead of Wm. P.
and was not acknowledged by his wife, the said Louisa
A. separately and apart from the husband, etc., as re-
quired by the statute; that as to the whole of the land
this deed was invalid because Wm. P. was *non compos
mentis* at the time he signed, and it was so invalid in
whole for the further reason that said Wm. P. was in-
duced to sign it through and by the exercise upon him to
that end of undue influence by his said wife, one Be-
ville, the pastor of said church of which Wm. P. was a
member, J. W. Dickson and his wife, M. E. Dickson, or
some of them. The prayer is for the cancellation of said
deed *in toto,* or, if the court should find that Wm. P. Bul-
lock was capable of executing the same, then for its can-
cellation as to that part of the land which constituted
the homestead of said Bullock; and for general relief.

At the time of bill filed the complainant was not in
possession of the land. The bill therefore has no equity
in so far as it proceeds on the theory that Wm. P. Bul-
lock was *non compos mentis* at the time he signed the
deed for in that aspect complainant's remedy was plain,
adequate and complete at law. And for the same reason
the bill is without equity in so far as it rests the partial
invalidity of the conveyance on the facts that a part of
the land constituted the grantor's homestead and that
the wife's separate acknowledgment was not taken: In
that category of fact also, complainant's right and rem-
edy were legal and not equitable. The third aspect of
the bill, however, presents a case of purely equitable cog-
nizance, the cancellation of the deed on the ground that
Wm. P. Bullock was defrauded or coerced into signing
it by undue influence. So that we have a bill present-

ing the case in three alternative aspects, in two of which equity is without jurisdiction to grant relief, and the third presents facts for the interposition of the court of chancery. The joinder of these matters of legal cognizance with the matter of equitable jurisdiction is not of importance. "A bill cannot be rendered multifarious by joining with matter proper for equitable action and relief, another matter cognizable by courts of law."—*Yarborough v. Avant,* 66 Ala. 526; *Baines v. Barnes,* 64 Ala. 375; *McGriff & Oakley v. Alford,* 111 Ala. 634.

We, therefore, consider the present bill as one simply and only to set aside and cancel the deed signed by W. P. Bullock in July, 1897, for that it was procured to be signed by and through the bringing to bear upon him of improper and undue influence. In our opinion its averments are quite sufficient to the presentation of such a case. We have never understood it to be necessary to allege with particularity the *quo modo* the result complained of was accomplished, but only that it was accomplished by undue influence exerted by named persons. The inquiry is not whether the improper influence was sufficient to have coerced the will of a man of ordinary capacity and force of character, but only whether the influence whatever it may have been did in point of fact control the act in question—not whether it should have had the effect charged, but whether it *did* have that effect; and any influence which coerces an act in which the judgment and will of the actor do not concur, is undue influence. Hence it is that the averment should be rather of the result than of the particular and special acts and modes of causation. We are not of opinion that either the motion to dismiss or the demurrer to the amended bill should have been sustained.

The bill was filed originally against the church only, and sought to have the deed cancelled as to the remainder estate in the land, leaving the life estate of Mrs. Louisa A. Bullock to stand. We suppose this course was taken because she had the same estate under the will, and to cancel the deed as to her would therefore seem to be a vain and useless thing to do. But the respondent at once objected to the bill

in this connection by demurrer for inconsistency, repugnance and what not, for that it confessed the validity of the deed as to one estate purporting to be conveyed by it and questioned it as to the other, etc., etc. The complainant thereupon in response, as it were, to this demurrer amended the bill by making Mrs. Bullock a party and praying the cancellation of the deed as a whole. But she never was served with process and never appeared in the case, the fact being that she died, and thereby put an end to the life estate before service could be had upon her. After this the case proceeded without objection on the part of the church as if Mrs. Bullock had never been named as a party to the bill at all. There was, of course, no occasion to revive against her personal representatives or heirs since nothing involved in the case passed to them. Technically there should have been a suggestion of her death and a discontinuance as to her, or perhaps an amendment striking out her name as a party respondent; and had any point been made in that behalf in the court below, doubtless the proper course to eliminate her from the cause would have been taken by the complainant. No such objection was there made; and we will not entertain it as it is now made for the first time on appeal in this court, especially as nobody's rights or remedies have in the least been prejudiced by her name remaining in the bill as that of a party respondent.

The evidence in the case is very voluminous, and conflicting. Much might be written upon it, but without serving any good purpose. It has been most attentively read and carefully considered; and from it we reach the conclusion that at the time Wm. P. Bullock signed the deed sought to have cancelled, he was a man of weak and impaired mind; that he was unduly influenced thereto by his wife, Louisa A. Bullock, and by his pastor, Dr. W. H. Beville, who were perhaps aided therein somewhat by other persons interested in the acquisition of the land by the church, that said deed was therefore voidable at the suit of the complainant. The fact that Mrs. Bullock and Beville stood to the grantor in relations of confidence and trust, while not necessary to the conclusion we have reached, gives additional strength to it.

The averment in the bill that this undue influence was exerted with the intent to defraud the complainant we regard as surplusage, not necessary to be proved.

The decree of the chancellor must be affirmed.

