# Cunninghame *v.* Herring.

### Bill to Declare Probate of Will Invalid.

(Decided November 4, 1915.   70 South. 148.)

1. **Wills; Probate; Undue Influence.**—In a bill to contest the probate of a will, the bare allegation of undue influence is sufficient without an averment of the quo modo of its exercise, and such a bill is not subject to demurrer for failure to set out the facts.

2. **Same; Evidence.**—Where the only evidence was that defendant was the attorney of the testatrix, who was old, and of questionable strength of mind, and inclined to place excessive confidence in the attorney, and that the attorney directed the will by which he was made executor without bond for thirty years, but was not named a beneficiary and that the will was largely copied from a former will not drawn by him, and that the testatrix directed

[Cunninghame v. Herring.]

the attorney in writing how to prepare the will, the evidence was not sufficient to go to the jury on the question of undue influence nor to shift the burden of proof to the executor named to show absence of undue influence.

3. **Executors and Administrators; Bond; Will; Effect.**—Where a will appoints an executor without bond, the provision as to the bond is not binding on the court administering the estate.

4. **Wills; Evidence; Instruction.**—Where a will is contested upon two grounds, one of which is not supported by the evidence, a charge to disregard that ground is error if the will be declared invalid by general verdict, since it then becomes impossible to say upon which ground the verdict was based.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by Emma Pearl Herring against William Cunninghame, as executor, etc., to declare the probate of a will invalid and for an accounting. Decree for complainant, and respondent appeals. Reversed and remanded.

The allegation is that the execution of said will was obtained by undue influence on the part of William Cunninghame, executor named in said alleged will. The bill contains an allegation that the will was procured by fraud on the part of William Cunninghame, and the facts are set out which are alleged to show the fraud, and incidentally to show undue influence. The effect of the charges refused referred to in the opinion was that, if the jury believed the evidence, it fails to show that the execution of the will was procured by undue influence on the part of William Cunninghame, and that said Cunninghame was not a beneficiary or legatee under the will.

WILLIAM CUNNINGHAME, pro se. HOWARD J. CLARK, and BEN F. ELMORE, for appellee.

GARDNER, J.—The bill in this case was filed by the appellee, an heir at law of one Mrs. Mary E. Crane, deceased, for the purpose of contesting the will of the said Mary E. Crane; the will having been previously admitted to probate in the probate court of Marengo county without contest. A jury was demanded, and the cause proceeded to trial upon two issues presented by the bill: (1) That the said Mary E. Crane, at the time of the execution of the will, was of unsound mind; and (2) that the execution of said will was obtained by undue influence on the part of William Cunninghame, executor named in said will. The

ground of contest of undue influence is stated in still another manner in the bill as follows: "That the said William Cunninghame exercised undue influence over the said Mary E. Crane in having the said will executed, and of which he was the sole executor without bond for a term of 30 years."

The will, the subject-matter of this suit, bears date of September 24, 1902. The testatrix died January 26, 1912. The verdict of the jury was as follows: "We, the jury, find the instrument propounded not to be the last will and testament of Mary E. Crane."

(1) There are two questions treated by counsel for appellant as of prime importance on this appeal. The first relates to the action of the court below in overruling a demurrer to the bill, or, rather, to that feature of the bill alleging undue influence as a ground of contest. The insistence is that this ground of contest is stated in too broad and general a manner, and does not sufficiently set forth the facts. This question of pleading was given consideration in the recent case of *Alexander v. Gibson,* 176 Ala. 258, 57 South. 760, wherein is found the following quotation from *Letohatchie Church v. Bullock,* 133 Ala. 548, 32 South. 58: "We have never understood it to be necessary to allege with particularity the quo modo the result complained of was accomplished, * * * but only that it was accomplished by undue influence exerted by named persons. * * * Hence it is that the averment should be rather of the result than of the particular and special acts and modes of causation."

See, also, to the same effect, *Phillips v. Bradford,* 147 Ala. 352, 41 South. 657; and *McLeod v. McLeod,* 137 Ala. 267, 34 South. 228.

The averments of the bill in the instant case come within the rule recognized by these decisions, and there was, therefore, no error in the ruling of the court in that respect.

(2, 3) As previously stated, the cause proceeded to trial before the jury upon two grounds of contest, one of testamentary capacity, and the other of undue influence. The verdict of the jury is general in its terms. Counsel for appellant requested affirmative instruction in his favor as to the ground of contest of undue influence, practically the same question being presented in several different charges, all of which were refused. It is therefore urged that there was not sufficient evidence upon

which the question of undue influence should be submitted to the jury, and, such being the case, that the refusal of said charges must work a reversal, as there is nothing to indicate upon which ground of contest the verdict of the jury rested.—*Cash v. Lust,* 142 Mo. 630, 44 S. W. 724, 64 Am. St. Rep. 576.

The record shows that Cunninghame, the appellant, was a practicing attorney in Marengo county, and had represented testatrix from time to time in such legal matter as she had, although he was not retained by her. It also appears on the record that testatrix had confidence in him as her attorney as to matters intrusted to his care. At the time of the execution of the will she was about 70 years of age, and it was shown that she used morphine to some extent, and that she was easily influenced by those in whom she had confidence. Evidence was also offered to show mental weakness. Testatrix had executed a will in the year 1900, but it was not prepared by the appellant, though it is shown that the will in controversy was drawn largely from the will of 1900, and that Mrs. Crane sent this old will to Cunninghame with a letter informing him of changes she wished made in writing a new will, and indicating some of the changes by writing or erasures on the old will. Cunninghame was not related to any of the devisees. He prepared the will at the request and under the instructions of Mrs. Crane, and forwarded it to her to be executed; he not being present, and having nothing to do with its execution. There was no evidence tending to show any actual fraud or coercion or persuasion on the part of said Cunninghame as to the execution of the said will. By the terms of the will he was named as executor and relieved from giving bond, but no compensation was fixed in the will for his services, nor was he given any of the property by the terms thereof.

We presume that counsel for appellee rest their contention of the right to have the question of undue influence submitted to a jury upon the evidence of confidential relationship of client and attorney and that tending to show that testatrix had confidence in said Cunninghame, and that she was easily influenced by those in whom she had confidence.

The first headnote to *Bancroft v. Otis,* 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904, reads: "The mere existence of confidential relations between the testator and the principal benefi-

ciary under his will, who is also the proponent, does not raise the presumption that the will was procured by the exercise of undue influence, nor impose on the proponent the onus of disproving undue influence, fraud, or coercion; there must be, in addition to that fact, evidence of his active interference in procuring the execution of the will, before that presumption arises."

See, also, *Council v. Mayhew,* 172 Ala. 295, 55 South. 314; *Mullen v. Johnson,* 157 Ala. 262, 47 South. 584; *Bancroft v. Otis, supra; Keeble v. Underwood,* 193 Ala. 582, 69 South. 473.

In writing the will at the request and under the direction of the testatrix, Cunninghame was only discharging his duty as her attorney, and in thus responding to her commands it cannot be plausibly urged that he was active in procuring the execution of the will, the contents of which were largely drawn from a previous will which was not prepared by him. There is wholly lacking, therefore, any proof tending to show any such activity on his part in the execution of the will as would shift the burden of proof to the respondent in this case. In addition to this, Cunninghame is not a beneficiary named in the will. He is merely designated as an executor without bond, a duty necessary to be performed by some one, compensation for which was to be fixed by the court. Even the exemption from bond was not binding upon the court having the administration of the estate in charge.

(4) There being no tendency of evidence showing any actual undue influence, and none showing any activity on the part of Cunninghame in procuring the execution of the will (aside from the fact that he is not named as a beneficiary in the will), there was therefore no evidence sufficient to shift the burden of proof upon respondent, and we are of the opinion that this ground of contest should have been eliminated from the consideration of the jury by the charge of the court as requested by the respondent. The refusal of such charges must work a reversal of the case, as there is no means by which this court can determine upon what ground of contest the jury based their verdict. Such was the holding of the Missouri court in *Cash v. Lust, supra,* and which we think entirely logical, and indeed unavoidable.

The questions we have considered are those which are treated by counsel for appellant as of material importance on this appeal.

It results that the judgment of the court below must be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.