(91 South. 260)

**JOHNSON et al. v. JOHNSON et al.**
**(8 Div. 315.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Wills ⬳163(1)—Arrangements by executor for testator to make will held not to shift burden of proof as to undue influence on him.**

In a suit to contest a will on the ground of undue influence, the fact that an executor who was not a beneficiary, at the request of the testator, prepared the will, and provided the attesting witnesses, did not shift the burden of proof as to undue influence to him as party defendant.

**2. Wills ⬳282—Sustaining demurrers to ground of contest held not error.**

In a will contest, sustaining demurrers to grounds of contest setting up undue influence, and failing to name the persons who exercised the alleged undue influence, was not error.

**3. Wills ⬳286—Refusal to permit tracing of source of estate held proper as not within issue.**

Where the source of an estate devised had no bearing on the issues in contesting a will, refusal to permit the source of the estate to be traced was not error.

**4. Evidence ⬳510—Exclusion of expert testimony that preference of illegitimate children to blood relatives would classify testator as of erratic or disordered mind held not error.**

In a will contest, the exclusion of expert testimony that discrimination in favor of illegitimate children against blood relatives of the testator would classify the testator as of erratic or disordered mind was not error, since this was not a proper matter for expert testimony.

**5. Evidence ⬳553(2)—Exclusion of answer to hypothetical question put to expert witness held not an abuse of discretion.**

In contesting a will some of whose terms, copied from a prior will, were rendered inapt from changes time had made, the exclusion of an answer by an expert witness to a hypothetical question as to the state of a mind which carried forward such faults in the later will, in view of the omission in the question of the fact that the prior will, whose provisions were not inapt when made, was used as the basis for redrafting the subsequent will, was not an abuse of the discretion of the trial court in passing on hypothetical questions.

**6. Wills ⬳330(1)—Charge as to mental capacity to make a will and as to undue influence held not error.**

Charge that a testator would have sufficient mental capacity, if, among other things, he knew the persons to whom he wished to will it, and that undue influence must be such as is equivalent to force which he was not able to resist, was not error.

**7. Appeal and error ⬳1078(4)—Review confined, as to instructions refused appellants, to those enumerated in brief.**

Where error was based on the refusal of charges requested by appellants, review is confined to those enumerated and pressed for attention in appellants' brief.

Appeal from Probate Court, Jackson County; A. H. Moody, Judge.

Petition by Lowe Johnson and E. K. Mann to probate the will of J. F. Washington, deceased, with contest by Sallie Johnson and others. From a decree admitting the will to probate, contestants appeal. Affirmed.

The following are the grounds of the contest to which demurrers were sustained:

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(4) The signing of said instrument, by said J. F. Washington, and purporting to be his last will and testament, was procured through the undue influence of persons adversely interested to the contestants herein (naming them).

(5) The said instrument purporting to be the last will and testament of the said J. F. Washington was procured through the undue influence of persons interested in the beneficiaries named in the said will, and adversely to the contestants herein.

The contestants offered to show that Billy and J. F. Washington were in business at the time Billy Washington died, and that J. F. Washington became his administrator and acquired his estate or a considerable portion thereof. Dr. McQuillen testified that he was an expert in mental diseases, and contestants offered to show by him that from a medical standpoint it would be erratic to leave out collateral kin, and that the medical profession regard it as erratic to give property to illegitimate children as against collateral kin.

The following charges were refused to the contestants:

(1) If the jury find from the evidence that the said Washington had a syphilitic disease of a number of years' standing which would impair his health and could destroy his mind, and that such disease had made inroads on his health and mind, then the jury may determine whether the said Washington had really the capacity to make a will.

(10) If the jury believe from the evidence that the paper propounded as the last will of J. F. Washington was written by E. K. Mann, one of the executors named therein, and that he was active in procuring the execution thereof, naming himself as one of the executors, and that at the time, and for a long time theretofore, there had existed confidential relations between Washington and said E. K. Mann, by reason of which confidential relation said E. K. Mann had influence over the said J. F. Washington; that at the time of the writing of the will the said E. K. Mann was the manager of the Tennessee Valley Bank at Stevenson, Ala., which bank was largely the depository of the funds of the estate, which is a large estate of personal property; that the instrument thus written by the said E. K. Mann gives to him and his joint executors the possession and management of this large estate for a period of years, after the death of testator, then, and under these circumstances, the law raises the presumption that the instrument thus written was the result of undue influence exercised by the said E. K. Mann and casts upon the proponents of the will the burden of proving, by evidence satisfactory to the jury, that the instrument speaks the intention of said Washington, as his last will, and of showing a severance of the relation and the interposition of competent and independent advice before the final execution of the will.

(14) If the jury find from the evidence that E. K. Mann is named in the instrument offered for probate as one of the executors, and that he on the settlement of the estate would receive large compensation for his services as such executor; that he copied the instrument from a will written a number of years before and certain provisions therein, which already had been accomplished and could not thereafter be a matter of consideration; and that he called upon the persons witnessing the will to come into the rear room of the bank when he and the deceased and the two witnesses alone were present and no one else knew of the transaction—the law would presume that said instrument now offered for probate was signed through the undue influence of the said E. K. Mann.

(16) If the jury find from the evidence that E. K. Mann, one of the proponents of the instrument now offered for probate, and who wrote the same, and is named as an executor therein, and that by the terms of said instrument he would continue his financial relationship with the estate of the decedent to a period of years in connection with the bank of which he is manager, then the presumption of undue influence exists, and the verdict of the jury should be for the contestants.

Exception was reserved to the following part of the oral charge:

"That the testator would have sufficient mental capacity if, among other things, he knew the persons to whom he wished to will it; also, that the influence which would amount in law to undue influence must be such influence as is equivalent to force, which he was not able to resist."

The other facts sufficiently appear.

Cooper & Cooper, of Huntsville, C. C. Moore, of Chattanooga, Tenn., and John F. Proctor, of Scottsboro, for appellants.

The court erred in not admitting the testimony of the expert, and in admitting the testimony of a nonexpert. 80 Ala. 129; 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; 127 Mass. 414; 144 Iowa, 400, 120 N. W. 1044, 122 N. W. 928; 21 Mich. 123. The oral charge of the court was error. 40 Cyc. 1144; 131 Ala. 606, 31 South. 94; 119 Ala. 641, 24 South. 459. Charge 1 should have been given. 62 Ill. 196, 14 Am. Rep. 79. Charge 10 should have been given. 131 Ala. 606, 31 South. 94; 52 Ala. 430; 82 Ala. 129, 2 South. 753; 96 Ala. 596, 11 South. 636. Charges 14 and 16 should have been given. Authorities supra.

Milo Moody and Bouldin & Wimberly, all of Scottsboro, for appellees.

The court properly sustained demurrers to 4th and 5th grounds of contest. 114 Ala. 623, 22 South. 17; 119 Ala. 641, 24 South. 459: 195 Ala. 471, 70 South. 148. The court did not err in refusing to admit testimony as to the source of title of property devised. 169 Ala. 416, 53 South. 750. Evidence of Dr. McQuillen was properly excluded. 28 Ala. 100. The hypothetical question was not supported by the facts in evidence. 139 Ala. 16, 36 South. 1012; 195 Ala. 397, 70 South. 763; 22 C. J. 710. Mann was guilty of undue influ-

ence and occupied no confidential relations. 172 Ala. 295, 55 South. 314; 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227; 106 Ala. 84, 17 South. 187, 54 Am. St. Rep. 22; 88 Ala. 462, 7 South. 250; 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; 119 Ala. 663, 24 South. 459; 31 Ala. 59, 68 Am. Dec. 150; 197 Ala. 239, 72 South. 500.

McCLELLAN, J. [1] The will of J. F. Washington, propounded for probate by the executors named therein (appellees), was sustained on the trial of its contest by the appellants, next of kin of the decedent. Its date of execution was June 27, 1918. The grounds of contest were those usually interposed, viz.: No due execution of the will; want of testamentary capacity to make a will; and undue influence exerted by certain persons. The law applicable to and governing such contests has been repeatedly stated by this court; and, hence, repetition is not necessary. The evidence was undisputed that the instrument was executed in accordance with the law's prescriptions for the execution of a will. The court submitted to the jury's solution the issues tendered by the other grounds of contest. The burden of proof in respect of the grounds asserting mental incapacity and undue influence was, throughout, upon the contestants. The services rendered by E. K. Mann on June 27, 1918. at the request of Washington, in composing the instrument offered for probate from J. F. Washington's earlier will of 1911, and in calling J. H. McMahan and C. E. Timberlake to attest the execution of the instrument offered for probate, were shown without dispute to have been the result, and that, only, of Washington's desire and directions—in no sense the officious or selfishly inspired activity of E. K. Mann. "Such activity, not of proponent's own motion, or prompted by personal motives, but in behalf of the testatrix, in furtherance of her purposes, will not combine with confidential relations to shift the burden of proof as to undue influence upon the proponent." Eastis v. Montgomery, 95 Ala. 486, 493, 11 South. 204, 206 (36 Am. St. Rep. 227); Cunninghame v. Herring, 195 Ala. 469, 472, 473, 70 South. 148, among others. Furthermore, Mann was not a beneficiary under the instrument. He is named as co-executor only, and hence the rule of law which shifts to the proponent the burden of proof in proper cases has no application under the facts disclosed by this record. Cunninghame v. Herring, supra. These considerations confirm the correctness of the court's action in refusing the contestants' several special requests for instructions that would advise the jury to a contrary effect.

[2] The court did not err in sustaining demurrers to grounds of contest numbered 4 and 5, for that they omitted, as the demur-

rers pointed out, to name the person or persons averred to have exerted undue influence upon the testator. Letohatchie Church v. Bullock, 133 Ala. 552, 32 South. 58; Alexander v. Gibson, 176 Ala. 262, 57 South. 760; Cunninghame v. Herring, supra; Coghill v. Kennedy, 119 Ala. 641, 655, 656, 24 South. 459.

[3] There was no error in denying contestants' effort to trace the source or sources of the estate left by the testator. Such a circumstance had no bearing upon or relation to issues in contest. Winston v. Elliott, 169 Ala. 416, 53 South. 750.

[4] Likewise, there was no error in excluding the opinion of the medical expert that the medical view, or the witness' view, would assign to the category of the erratic or disordered a mind that discriminated, in the testamentary disposition of all his property, in favor of the testator's illegitimate child or children against his blood relatives. The subject of this phase of the expert witness' opinion was not the proper basis for an expert opinion in the premises and was well excluded. The considerations that naturally inspire generosity, if not the observance of duty, on the part of the father of an illegitimate child or children in bestowing his bounty upon the unfortunate offspring, have found adequate statement in Dunlap v. Robinson, 28 Ala. 105, 106.

[5] In consequence of the fact that the testator constructed his last will, in 1918, upon or through the process of copying provisions of his will of 1911, expressions inaccurate or inapt in the changes time had made were reproduced in his will of 1918. This matter was fully developed in the evidence; and the points of incongruity were disclosed in the comparison available between the instruments, both of which were in evidence. A question to the medical expert sought, upon this and other elements of premise or hypothesis, to elicit his opinion of the state of a mind that would or did carry forward such faulty, if not impossible, directions or asserted motives in the later will. The court sustained the objections to the hypothetical question indicated. This ruling might be justified on other grounds; but it will suffice to note that the hypothesis laid in the question did not, as it should have done, comprehend the fact, necessary, we think, to the formation of an opinion on the particular matter indicated. that the testator used his earlier will, in which the expressions were not then inapt. as the basis for the redraft of his later will of 1918. The discretion trial courts are required to exercise in respect of the examination of experts on hypothetical interrogatories was not abused in the ruling under review. Pullman Co. v. Meyer, 195 Ala. 397, 401, 402, 70 South. 763, among others.

Complaint is made of the action of the

court in admitting the opinion of testator's soundness of mind by the witnesses Timberlake, Baker, English, and McCrary. The court did not err in holding these witnesses to be sufficiently qualified by acquaintance with and opportunity for observation of Washington to form and entertain an opinion of his mental soundness. Wear v. Wear, 200 Ala. 345, 348, 76 South. 111.

[6] The oral charge of the court, in defining mental capacity requisite to make a will and undue influence that avoids a will, employed the phrasing found in many decisions here. The oral charge was not subject to the criticisms taken by appellants.

[7] In the brief filed for appellants on submission of the appeal the refusal to appellants of special charges 1, 10, 14, and 16 alone is pressed as the basis of error. The review is necessarily confined, in respect of charges refused to appellants, to those enumerated. L. & N. v. Holland, 173 Ala. 675, 694, 55 South. 1001; Holloway v. Calvin, 203 Ala. 663, 664, 665, 84 South. 737, among others. The enumerated charges were refused without error. Those relating to the shifting of the burden of proof because of E. K. Mann's acts in rewriting the will of 1918, from the earlier will of 1911. and in calling the attesting witnesses, etc., have been considered and held erroneous in this opinion.

There is no error in the record. The decree probating the will is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.