{96 South. 611)

## BANK OF KENNEDY v. DORROH.
### (6 Div. 933.)

(Supreme Court of Alabama.    May 17, 1923.)

1. **Trial** ⊛⇒143—Where evidence on particular issue in conflict, general charge properly refused.

Where the evidence on a particular issue is in conflict, the general charge is properly refused.

2. **Bills and notes** ⊛⇒489(4)—Under plea of non est factum, insanity of maker at time of signing may be proved.

In an action on a promissory note, where the defense was a plea of non est factum, *held*, that under such plea insanity of the maker at the time of signing could be proved.

3. **Bills and notes** ⊛⇒501—Evidence ⊛⇒271(2) —Acts and conduct held admissible as bearing on mental responsibility of maker of note at time of signing.

In an action by the payee of a promissory note against the maker's estate, where the defense was insanity of the maker at the time of signing, *held*, that acts, sayings, and general course of conduct of deceased prior to time it was contended his mind began to fail were admissible, as bearing upon his mental responsibility, and were not a violation of the rule against a party making evidence in his own behalf, and for this purpose an application for a dog license and certain checks previously filled out by the maker were also admissible.

4. **Appeal and error** ⊛⇒1051(3)—Admitting evidence to establish signature to note held not prejudicial error where signing not controverted.

In an action on a promissory note, where the signing of the note was not controverted, *held*, that the admission in evidence of other checks signed by the maker to identify or establish his signature, if improper, was not prejudicial.

5. **Trial** ⊛⇒260(1)—Denial of requested instructions covered by others given not error.

Denial of requested instructions, the substance and effect of which were covered by the oral charge, is not error.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Action by the Bank of Kennedy against Tom Dorroh, as administrator of the estate of J. W. Dorroh, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

The basis of the suit is a promissory note executed by T. A. Chism, Alma Chism, Frank Chism, E. L. Chism, and J. W. Dorroh. It appears·that the consideration was a loan by the plaintiff to T. A. Chism, J. W. Dorroh lending his security to said Chism. Defendant interposed pleas of non est factum, and bar by the statute of nonclaim. Plaintiff's evidence tended to show execution by Dorroh and filing of claim with the administrator.

Without objection, three witnesses for defendant, physicians testified that the decedent, about the date of the execution of the paper in suit, was and had been suffering from a disorder of the kidneys—from which it appears he died within something like a year after the transaction in question—which tended to derange or impair his mind, and that his mind was cloudy and confused by reason thereof. A number of other witnesses testified, also without objection, to the mental condition of the deceased and his ability to transact business.

Defendant's witness Trimm, having testified to a transaction with decedent that decedent told him he would have to get some one else to wind up the business, that it was a matter of calculation, and decedent said he could not make the calculation, was asked by the defendant: "Did he (decedent) say anything to you about the condition of his mind?" The plaintiff objected to the question "because it called for evidence that was illegal, irrelevant, and immaterial, and because it was a self-serving declaration." The court overruled the objection, and the witness answered: "He, Mr. Dorroh, said his mind had gotten to where he couldn't make a calculation well."

Joe Dorroh, a witness for defendant, testified to the condition of his father's mind and' to the fact that he was present when his father attempted to fill out an application for a dog license, a copy of which he identified and defendant introduced in evidence over plaintiff's objection. Said paper is as follows:

"Application for Dog Registration.

"Number one.

"———— 1920.

"To the Clerk of Lamar County:

"I, J. W. Dorroh

| Name | Blue | Race | hound |
|------|------|------|-------|
| of | | hereby | make application |
| Post office address Kennedy | | | |

for the registration of a dog and for that purpose represent that the name of the dog is Bew, that its age is 4 years, that its color is *rue*, that its sex is *female*, and that its breed is *hound*.            J. W. Dorroh.

"Applicant sign here."

This witness was also permitted to identify checks made by decedent, and defendant was permitted to introduce same in evidence over objection of plaintiff.

The jury returned a verdict for defendant. There was judgment accordingly, from which plaintiff prosecutes this appeal.

J. C. Milner, of Vernon, and Hill, Hill, Whiting & Thomas, of Montgomery,· for appellant.

The evidence of the witness Trimm was self-serving, and should have been excluded.

The admission in evidence of the application for dog license and the checks signed by decedent was erroneous. Acts 1915, p. 134; Chisolm v. State, 204 Ala. 69, 85 South. 462. Under the plea denying execution, the defendant cannot rely upon the alleged mental incapacity of his intestate. Milligan v. Pollard, 112 Ala. 465, 20 South. 620; Brown v. Johnston Bros., 135 Ala. 608, 33 South. 683.

S. T. Wright, of Fayette, and Foster, Verner & Rice, of Tuscaloosa, for appellee.

The papers offered were admissible in evidence as showing deterioration of the mental faculties. Sharpe v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; Gilley v. Denman, 185 Ala. 561, 64 South. 97; Smith v. Bachus, 195 Ala. 8, 70 South. 261; Sanders v. Davis, 153 Ala. 375, 44 South. 979. It was competent to prove the mental inability of intestate to make a calculation. Robinson v. Adams, 62 Me. 369, 16 Am. Rep. 473; Mooney v. Olsen, 22 Kan. 69; Wetmore v. Mell, 1 Ohio St. 26, 59 Am. Dec. 607; 16 Cyc. 1181. Evidence of insanity is relevant under the plea of non est factum. Winston v. Moffet, 9 Port. 518; Hunt v. Test, 8 Ala. 713, 42 Am. Dec. 659; Walker v. Clay, 21 Ala. 797.

ANDERSON, C. J. [1, 2] The physical execution of the note by the defendant's intestate was not seriously contested, and in fact the defendant proved by one of its witnesses that J. W. Dorroh actually signed the same, and the trial court in the oral charge confined the issue to the mental capacity and responsibility of said Dorroh at the time of signing the said note. The evidence on this issue was in conflict, and the trial court therefore properly refused the defendant's requested general charge. The appellant's counsel insists, however, that it was entitled to the general charge because insanity should have been specially pleaded and was not provable under the plea of non est factum. As we understand the rule in this state, if the maker of the instrument was incapable of binding himself because of insanity, there was in legal effect no valid execution of the instrument, and such a defense is equivalent to a plea of non est factum. Winston v. Moffet, 9 Port. 518; Milligan v. Pollard, 112 Ala. 465, 20 South. 620. Moreover, if such a defense had to be specially pleaded, the plaintiff permitted the case to be tried upon this issue without objecting to the evidence of insanity upon this ground, and we doubt if it can raise this question for the first time by the general charge.

[3, 4] The acts, sayings, and general course of conduct of the deceased Dorroh prior and up to the signing of the note, that is, from the time it was contended that his mind began to fail, was admissible as bearing upon his mental responsibility and did not offend the rule against a party making evidence in his own behalf. Nor was there error in permitting the application for a dog license and certain checks previously filled out and signed by said Dorroh to be introduced in evidence. As we understand, they were not introduced for the purpose of having the jury compare the same with the signature to the note, but as merely bearing on his intelligence and mental condition. Besides, if improperly admitted to identify or establish his signature to the note, it would be without injury for the reason, as above noted, the signing of the note was not controverted, either by the evidence or the charge of the court.

[5] It may be questionable as to whether or not the plaintiff's refused charges 3 and 6 are so framed as to put the trial court in error for refusing same, a point, however, we need not decide, for the reason that the substance and effect of same were covered by the oral charge of the court.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.