### DAGGETT v. BOOMER. (6 Div. 52.)

(Supreme Court of Alabama. Feb. 7, 1924.)

**1. Wills ⬳406—Court may prescribe time for nonresident contestant to give security for cost.**

The trial court has discretionary power to prescribe the time within which a nonresident contestant of will should give security for cost, and also to extend the time.

**2. Wills ⬳406—Order requiring security for costs or that case stand dismissed on default not an order of dismissal on default.**

Where contestant of a will did not give security for costs within the time required, but did so the next day, it was in effect accepted by the court by going on with the case, since an order requiring security for costs, or that case

stand dismissed on default, is not an order for dismissal, but requires judgment of dismissal after default.

**3. Wills ⬳282—Person exerting undue influence must be named.**

In a will contest on the ground of undue influence, though the quo modo need not be set out, it is necessary to name the person exerting the undue influence, and a contest alleging that named beneficiary or some other person or persons exerted the undue influence was demurrable.

**4. Evidence ⬳472(8), 506—Neither expert nor lay testimony that testator was incapable of making will admissible.**

Neither a lay witness nor an expert may testify that testator was or was not incapable of making a will.

**5. Trial ⬳29(3)—Comment by court on witness' testimony held improper.**

A remark by the court in the presence of the jury as to testimony by a witness that "I don't think he knows what he did tell on direct examination" held improper.

**6. Wills ⬳329(3)—Instruction as to burden of proof held erroneous.**

A charge that "In the first instance the burden of proving the due and legal execution of the will is on proponent, * * * and she has failed to furnish this proof to the reasonable satisfaction of the jury, it is your duty to find a verdict for the contestant," held improperly given, as in effect being affirmative, because of the omission of the word "if."

**7. Wills ⬳332—Charge explaining undue influence held correct.**

A charge that, though the influence exerted over testator was such as under ordinary circumstances or by the exercise by a person of ordinary powers of resistance would be regarded as innocent, if in the particular case it resulted in a disposition of the property contrary to the testator's desire, the influence was undue, held correct.

**8. Wills ⬳332—Instruction that methods of destroying testatrix's free agency was immaterial held correct.**

A charge that whether testatrix's free agency was destroyed by threats or importunity was immaterial, and that whenever, through weakness, ignorance, dependence, or implicit reliance of one on the good faith of another, the latter obtains an ascendancy which prevents the former from exercising an unbiased judgment, undue influence exists, held correct.

**9. Wills ⬳330(1)—Instruction to consider testatrix's mental condition after as well as before execution of will could have been refused.**

Though the jury may consider testator's mental condition immediately after the execution of the will in connection with his condition immediately preceding its execution, a charge that jury could consider all the evidence on testatrix's mental condition before and after executing the will to determine her condition at the time of its execution could have properly been refused as misleading.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Trial ⊂⊃240, 244(3)—Charges held argumentative and to give undue prominence to particular evidence.**

Charges that in determining testatrix's mental capacity to execute a will jury could consider whether the will was unnatural in cutting off her husband, that it was kept secret from other members of her family, and that they should consider whether her signature was genuine, *held* argumentative, and to give undue prominence to particular evidence.

**11. Wills ⊂⊃324(2)—Testator's mental capacity for jury.**

The question of testator's mental capacity *held* for the jury.

**12. Wills ⊂⊃329(5)—Refusal to charge on issue of fraud proper where such issue eliminated.**

Where the issue of fraud was eliminated, a refusal to charge that, if jury believed evidence in the case, they could not find for contestant on the ground of fraud, was proper.

**13. Wills ⊂⊃329(5) — Affirmative charge for proponent on issue of undue influence held properly refused.**

A refusal to charge that if jury believed the evidence they could not find for contestant on the ground of undue influence was proper where there was evidence of undue influence by persons other than proponent.

**14. Wills ⊂⊃21—No legal execution if testator mentally incompetent.**

Though undisputed evidence shows physical execution of a will, there is no legal execution if testator at the time was mentally incompetent.

**15. Wills ⊂⊃289—Contestant need not prove testator did not sign will.**

Though the burden is on contestant to prove that execution of a will was obtained by fraud, undue influence, or that testator lacked mental capacity, he is not required to prove that testator did not sign the will.

**16. Wills ⊂⊃50—Requested charge as to mental capacity held improperly refused.**

A requested charge that, if testatrix at the time she executed the will had mind and memory enough to recollect the property she wished to bequeath, the persons to whom she wished to bequeath, and the manner in which she wished ed to dispose of it, she had a right to make such disposition of her property, was improperly refused.

**17. Trial ⊂⊃194(9)—Wills ⊂⊃330(1)—Charge testatrix's mental and physical infirmity did not vitiate will held properly refused.**

A request to charge that, if testatrix was mentally competent, her age, weakness of intellect, bodily infirmity, and impaired mind, testified to in this case, would not vitiate her will, *held* properly refused as invading the province of the jury, and as being misleading.

Appeal from Probate Court, Walker County; E. W. Long, Judge.

Petition of Minnie Daggett to probate the will of Elizabeth McDonald, deceased, and contest by Frank Boomer. From a judgment or decree denying the will to probate, proponent appeals. Reversed and remanded.

The purported will of Elizabeth McDonald makes the proponent (niece of testatrix) sole beneficiary and executrix.

The fifth ground of the contest is as follows:

"(5) That at the time of the execution of said alleged will, or at the time of the purported execution thereof, the said Elizabeth McDonald was about 72 years of age, in ill health, and mentally weak, and the execution of said alleged will, if the same was really attempted to be executed by her, was and is the result of undue influence exerted over her by the said Minnie Daggett, or by some person or persons other than the said Mrs. Daggett, done in the interest of said Mrs. Daggett, or for the benefit of such person or persons who brought such influence to bear, and but for such undue influence so exercised such will would not have been executed as it is alleged to have been."

Grounds 8 and 9 of the demurrer addressed to this ground of contest are as follows:

"(8) Because the names of the person or persons, alleged to have unduly influenced the testator are not sufficiently named or described.

"(9) Because the names of the person or persons alleged to have influenced the testator are not set out, and are not shown to be unknown to the contestant."

The proponent excepted to the following portion of the court's oral charge to the jury:

"It is not necessary to show what person exercised this undue influence, but, if her mind was influenced by some other person that changed her own will and substituted that of another, that would be sufficient, and the name of the person need not be proven."

Charges given for contestant, and treated in the opinion, are as follows:

"1. It is not the means employed, so much as the effect produced, which must be considered in determining whether undue influence has contributed to the making of the will; for, though the influence exerted over the testator was such as if, under ordinary circumstances or the exercise of person of ordinary powers of resistance, would be regarded as innocent, yet, if in the particular case it resulted in a disposition of the property contrary to the testator's desire, the influence was undue.

"(2) Whether the free agency of the testator is destroyed by threats occasioning fear, or by the importunity which the testator is too weak to resent, or which exhorts compliance in the hope of peace, is immaterial. In considering the question, therefore, it is essential to ascertain as far as practicable the power of coercion on the one side, and the liability to influence on the other, and whenever, through weakness, ignorance, dependence, or implicit reliance of one on the good faith of another, the latter obtains an ascendancy which prevents the former from exercising an unbiased judgment, undue influence exists.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(3) If the jury believe from the evidence that at the time of making the will (if they believe such will was made) that the said will was the product of influence or fraud exercised on Mrs. McDonald by some outside party, and that said will did not represent the will of the deceased, then such will would be invalid. It is not material by whom such influence was exerted or exercised over the deceased if the influence was of such nature as to produce the will in this case and such will was not the real desire of Mrs. McDonald.

"(4) The jury are charged that, in passing on the question involved in this case as to the condition of mind of Mrs. McDonald at the time of the execution of the will, they may consider all the evidence in the case as to her mental condition before and immediately after the execution of the will, if the same was in fact ever executed, and if this condition of her mind existed continuously the same may be proved, and if her mental condition was not such that she had mind and memory enough to recollect the property which she wished to bequeath by said will, and the persons to whom she wished to bequeath the said property and the manner in which she wished to dispose of the said property, then, under the law, her mind was not sufficient to make a valid will or dispose of such property.

"(5) I charge you that, if you believe the alleged will in this case was unnatural in its character, in that it purported to convey property to Mrs. Daggett during the lifetime of the husband of Mrs. McDonald, if you believe that it was unnatural for her to cut off her husband with whom she was living at the time from any participation in her estate, if he should outlive her, this is a circumstance or a fact you may consider and weigh along with all the other evidence in the case in coming to a conclusion as to whether or not she was of sound mind and disposing memory at the time the alleged will was executed by her, if it ever was executed by her."

"(8) I charge you that amongst some of the circumstances which may be considered by you in arriving at a verdict in this case along with all the other evidence in the case is the fact, if it be a fact, that the will was kept a secret from other members of the family who would have inherited from her, and whether or not such persons knew of the existence and terms of this will.

"(9) I further charge you, gentlemen, that what is called undue influence is never required to be proved by direct evidence, but it may be inferred by the jury from sufficient circumstances and if from any cause or influence exerted by Mrs. Daggett or other persons in her favor this will was caused to be made, and was not the voluntary free will of Mrs. McDonald, then I charge you that your verdict should be for contestant. Whatever destroys free agency and constrains the person whose action is brought in judgment to do what is against her will and what she would not have done if left by herself is undue influence."

"(11) If the jury believe from the evidence that at the time of executing the paper offered as a will that Mrs. McDonald did not have testamentary capacity from the condition of her mind to know the business to be transacted, then they need go no further, and need not consider any other ground of contest. And it would be the duty of the jury for this reason alone to render a verdict in favor of the contestant, Boomer, and against the validity of the paper offered as a will for probate."

"(13) I charge you that, in the first instance, the burden of proving the due and legal execution of the will is on the proponent, Mrs. Daggett, and she has failed to furnish this proof to the reasonable satisfaction of the jury it is your duty to find a verdict for the contestant, Frank Boomer."

"(15) Under the law as it exists in the state of Alabama, the jury have a right to weigh the evidence of the witnesses as to whether the signature to the alleged will is the genuine signature of Mrs. McDonald; and in doing this, if they find that certain signatures offered in evidence as examples of the writing of Mrs. McDonald are genuine, the jury are then to decide from all the evidence bearing on the inquiry whether or not the signature to the alleged will offered for probate is the genuine writing of Mrs. McDonald; and they have a right to subject the evidence of comparison made by the witnesses to the test of a comparison made by the jury in the light of the whole evidence; and, if they believe from such evidence that the signature to the alleged will is not the genuine writing of Mrs. McDonald, then they should find a verdict for the contestant, Boomer, and they need go no further in their consideration of the evidence.

"(16) I charge you that, if at times very close to the date of the alleged will, both before and after said date, you should believe from the evidence that Mrs. McDonald did not have legal capacity to make a will, you are authorized to consider this, along with all the evidence in arriving at a conclusion as to whether or not she had such legal capacity at the date she is alleged to have made the will; and, if you believe from such evidence that she did not have such capacity, then your verdict should be for the contestant, Boomer; and legal capacity means that she must have had mind and memory sufficient to understand the business she was engaged in at the time, to remember the property she was about to bequeath or convey by the will, the objects of her bounty, that is the persons to whom she was about to bequeath the property, and the manner in which she wished to dispose of such property.'"

These requested charges were refused to proponent:

"(2) If the jury believe the evidence in this case, they cannot find for the contestant on the ground that the execution of the will was secured by fraud.

"(3) The court charges the jury that, if you believe the evidence in this case, you cannot find for the contestant on the ground that there was any fraud or undue influence used or exerted to obtain the execution of the will.

"(4) The court charges the jury that, if you believe the evidence in this case, you cannot find for the contestant on the ground that the will was not legally executed."

"(23) If the jury believe from the evidence that, at the time of the making of her will, if she executed same, Elizabeth McDonald had mind and memory enough to recollect the property she wished to bequeath, the persons to

whom she wished to bequeath it, and the manner in which she wished to dispose of it, then she had a right to make such disposition of her property.

"(24) If Mrs. McDonald had memory and mind enough to recollect the property she wished to bequeath, the person to whom she wished to bequeath it, and the manner in which she wished to dispose of it, then she had mental capacity sufficient to make her will; and her old age, weakness of intellect, bodily infirmity and impaired mind, testified to in this case, would not vitiate her will."

"(D) The court charges the jury that the burden of proof is on the contestant, Boomer, to reasonably satisfy you from the testimony that Elizabeth McDonald did not sign the will, or that the will was executed by fraud, or that the will was the result of undue influence, or that she did not have testamentary capacity to make the will at the time it was made, before you can find for the contestant Boomer."

Curtis, Pennington & Pou, of Jasper, for appellant.

Contestant being allowed until March 12th to file security for costs, failing which it was ordered that the contest be dismissed, and not having filed same before that day, the contest stood dismissed out of court. Chancery rule 117, 2 Code 1907, p. 1565; Richardson v. State, 142 Ala. 12, 39 South. 12; Johnson v. State, 141 Ala. 7, 37 South. 421, 109 Am. St. Rep. 17; Heal v. State, 147 Ala. 686, 40 South. 571; Oberhaus v. State, 173 Ala. 497, 55 South. 898; McCord v. Lanier, 207 Ala. 663, 93 South. 546. The name of the person charged with exercising undue influence over testatrix must be set out. Letohatchie Church v. Bullock, 133 Ala. 548, 32 South. 58; Cunninghame v. Herring, 195 Ala. 469, 70 South. 148; Alexander v. Gibson, 176 Ala. 258, 57 South. 760; Johnson v. Johnson, 206 Ala. 523, 91 South. 260; Coghill v. Kennedy, 119 Ala. 641, 24 South. 459; McLeod v. McLeod, 137 Ala. 267, 34 South. 228; Phillips v. Bradford, 147 Ala. 346, 41 South. 657. A witness may not testify that a person is or is not capable of making a will. Miller v. Whittington, 202 Ala. 406, 80 South. 499; Wear v. Wear, 200 Ala. 345, 76 South. 111; Walker v. Walker's Ex'r, 34 Ala. 469. The remark by the judge in the presence of the jury was improper. Pate v. State, 19 Ala. App. 243, 96 South. 649; Dennison v. State, 17 Ala. App. 674, 88 South. 211. The mere relationship between testatrix and beneficiary does not raise the presumption of undue influence. Lockrige v. Brown, 184 Ala. 113, 63 South. 524; Bancroft v. Otis, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; Harris v. Bowles, 208 Ala. 545, 94 South. 757; Frederick v. Hartley, 202 Ala. 43, 79 South. 381; Goldsmith v. Gates, 205 Ala. 634, 88 South. 861. The burden of proof is on the party attacking a will to show the mental incapacity of the person making it at the time it is made. Johnson v. Armstrong, 97 Ala. 731, 12 South. 72; Mur-

phree v. Senn, 107 Ala. 424, 18 South. 264; O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322; McBride v. Sullivan, 155 Ala. 173, 45 South. 902; Councill v. Mayhew, 172 Ala. 295, 55 South. 314. Likewise the burden as to fraud or undue influence. Blakey's Heirs v. Blakey's Ex'r, 33 Ala. 611; Copeland's Ex'r v. Copeland's Heirs, 32 Ala. 512; Shirley v. Ezell, 180 Ala. 352, 60 South. 905; Eastes v. Montgomery, 95 Ala. 493, 11 South. 204, 36 Am. St. Rep. 227.

Zac P. Shepherd, of Carbon Hill, and Ray & Cooner, of Jasper, for appellee.

No brief reached the Reporter.

ANDERSON, C. J. [1, 2] The trial court had a discretionary power to prescribe the time within which the nonresident contestant should give security for cost, and an equally discretionary power to extend the time. Ex parte Jones, 83 Ala. 587, 3 South. 811. The contestant did not give the security within the time fixed, but did do so on the next day, and which was, in effect, accepted by the trial court by going on with the case. The case was still in fieri, as the order requiring the security for cost or that the case stand dismissed upon a default, was not a judgment of dismissal, and, in order for the case to have been dismissed, there should have been a judgment to that effect after said default.

Lide v. Park, 132 Ala. 222, 31 South. 360, and cases there cited.

[3] The fifth ground of contest is based on undue influence, and charges the same to "Minnie Daggett, or by some person or persons other than the said Mrs. Daggett done in the interest of the said Mrs. Daggett or for the benefit of such person or persons who brought such influence to bear." It is well settled by the decisions of this court that upon a contest on this ground the quo modo need not be set out, yet it is necessary to name the person exerting the undue influence. Letohatchie Baptist Church v. Bullock, 133 Ala. 548, 32 South. 58; Cunninghame v. Herring, 195 Ala. 469, 70 South. 148; Johnson v. Johnson, 206 Ala. 523, 91 South. 260. The contest does not name the person or persons other than Mrs. Daggett, or that they were unknown, and was therefore subject to the appellant's demurrer—grounds 8 and 9.

The ground based on fraud was eliminated, and, as we view the evidence, it showed the physical execution of the will without dispute. So the issue on the next trial should be the mental incapacity of the testatrix at the time she signed the will, and the question of undue influence in the event the contest is amended so as to meet the requirements of law. It is sufficient to suggest that the proof fails to establish any direct influence on the part of this contestee in bringing about the execution of the will, and, if con-

testant relies on its having been done by or through some other person, the person or persons should be designated.

While we feel that the weight of the evidence shows that the testatrix did not become mentally incapacitated until August, several months after she made the will, yet there was enough evidence to take the question to the jury as to whether or not she was so incapacitated when the will was made.

As this case must be reversed for the error above pointed out, as well as others hereinafter suggested, and as the contest is deficient on the undue influence ground, we cannot discuss intelligently all evidence or charges bearing upon this feature of the case, and will only discuss those insisted upon which may operate as a guide upon the next trial of this cause.

[4] The trial court erred in permitting Dr. Whitney to give his opinion whether or not the testatrix's mind was capable of the business of making a will. Neither a lay witness nor an expert can testify that the person inquired about was or was not incapable of making a will. Miller v. Whittington, 202 Ala. 406, 80 South. 499; Wear v. Wear, 200 Ala. 345, 76 South. 111. The trial court evidently appreciated this error, and attempted subsequently to exclude this evidence. Whether the exclusion was so positive and affirmative as to cure the said error under the rule laid down in the case of Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, we need not decide, as the case must be reversed for other reasons. It is sufficient to say that such evidence should not be permitted upon the next trial.

The other rulings on the evidence were either free from error, or, if there were errors, they could have been of no detriment to the contestee, except perhaps as to the interest and conduct of the Gibsons, which should not have prejudiced this appellant unless it was charged that they were acting for her or had unduly induced the execution of the will.

[5] The remark of the court as to the witness Dempsey Myers in the presence of the jury. "I don't think he knows what he did tell on direct examination," was improper. The vice of that part of the oral charge as excepted to is sufficiently pointed out in discussing the demurrer to the contest.

[6] The court erred in giving charge 13 at the request of the contestant. It is, in effect, the affirmative charge because of the omission of the word "if." It may be that it appeared in the original charge, but it does not appear in said charge as set out in the record.

[7, 8] Charges 1 and 2 given for the contestant are in the abstract correct. Charge 3 was bad for the reason pointed out in discussing the demurrer to the contest.

[9] Charge 4 given for the contestant could have been well refused, as it is misleading.

True, the jury could consider her mental condition immediately after executing the will in connection with her condition antecedent thereto, but the charge is so worded as to authorize the jury to act on her condition after the execution of the will when the finding should be based on what it was at the time of the execution of said will. Same as to given charge 16. There was no error in giving contestant's charge 11.

[10] Charges 5, 8, and 15 can well be refused upon the next trial, as they are in a sense argumentative, and single out and give undue prominence to certain parts of the evidence. Charge 9 falls under the discussion of the demurrer to the contest.

[11] There was no error in refusing contestee's charge 1. It was the general charge as to all of the issues, and, as above pointed out, the question of mental capacity was one for the jury.

[12, 13] The appellant was not injured by the refusal of her requested charge 2, as the charge of fraud was eliminated. Charge 3 charges no fraud or undue influence, and its refusal was harmless as to fraud, but, as it also contained undue influence, its refusal was not error, as there may have been enough evidence to make this a question for the jury under the issues as then existed, though the proof may not have shown the exercise of same by this appellant. As above noted, the declaration contest should name the person or persons who exerted the undue influence.

[14] There was no error in refusing contestee's requested charge 4. While the undisputed evidence may have shown the physical execution of the will there was no legal execution of same if the testatrix was at the time mentally incapacitated. Bank of Kennedy v. Dorroh, 209 Ala. 511, 96 South. 611, and cases there cited.

There was no error in refusing the contestee's requested charge 11. While it may recite a truism, it was calculated to mislead the jury.

[15] There was no error in refusing contestee's requested charge D. While the burden of proof was upon Boomer, the contestant, to prove all the other facts hypothesized, it was not up to him to show that testatrix did not sign the will.

[16, 17] Contestee's requested charge 23 should have been given. There was no error, however, in refusing charge 24, for while it asserts the same legal proposition as charge 23, the latter part of same invaded the province of the jury, and was calculated to mislead.

For the errors heretofore designated, the judgment of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.